## G. S. DODDS v. PHILLIP MARX.

1. TAX SALE.  *Double assessment.  Right of landowner to pay under either.*
   If there be two assessments of land, each sufficient to support a sale by the tax
   collector for the taxes thereby due, and the owner of the land pays the taxes
   under either, a sale under the other assessment is unlawful.

2. SAME.  *Defective assessment of land.  Parol evidence to cure.  Sections* 490, 491,
   *Code* 1880, *applied.*
   Under §§ 490 and 491, in relation to the assessment of lands for taxes, which
   provide for the admission of parol evidence if there is " enough in the de-
   scription on the roll to be applied to a particular tract of land by the aid of
   such testimony," and that a description " as a part of a designated tract or
   division shall be held to embrace such part as is the subject of separate own-
   ership as one tract," the following description on an assessment roll, to wit:
   "Lot two, and parts of lots one and three, Haley plat, in the town of H.," is
   sufficient to permit the introduction of parol evidence for the purpose of
   identification, and payment under such assessment protects the landowner
   against a sale of the land for taxes under a more specific assessment, if it be
   clearly shown by parol evidence that the land paid on is the same as the
   land sold.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

George S. Dodds brought this action of ejectment against Phillip
Marx to recover possession of the following land, to wit.: " Lot
two, and thirteen feet north side of lot three, square three, Haley
plat, in the town of Hazlehurst."   It appears that the land in con-
troversy was sold on March 8, 1884, to the State for the delin-
quent taxes of the year 1883, and purchased by the plaintiff from
the State.   The assessment roll for 1883 showed the two follow-
ing separate entries: " Lot two, and thirteen feet off north side lot
three, square three, Haley plat, in Hazlehurst, section 3, T. 10, R. 8
E, assessed to A. Cohn, at one thousand two hundred dollars; lot two,
and parts of lots one and three, Haley plat, in  Hazlehurst, section
3, T. 10, B. 8 E., assessed to I. U. Ellis, at one hundred dollars."

The defendant showed that the land now in controversy had be-
longed to A. Cohn ; that some time in 1883 it had been transferred
to I. U. Ellis, and again sold back to Cohn, who, on November

5, 1883, sold and deeded it to the defendant. It was further shown that defendant in 1883 paid two dollars and ten cents taxes on the land described in the second entry above and assessed to I. U. Ellis; that lots two and three, square one, and lots two and three, square two, Haley plat, were assessed to and taxes paid on by other parties than Cohn and Ellis, there being only three squares in said plat; that Cohn, Ellis, and Marx owned no other property in Haley plat, and that Marx knew nothing about a double assessment or mistake in the assessment of the land now in dispute. The cause was submitted to the court without a jury by consent, and was decided in favor of the defendant. The plaintiff appealed.

*L. B. Harris,* for the appellant.

The truth is, on matter of construction, the lots paid on by defendant are referrable at pleasure to any one of the three squares of the plat, and it is beyond the scope of any sort of proof under the facts of this case to say to which square they belong—if to any. That is bound to remain in obscurity.

The parol proof of defendant in the effort of identification was offered in view of § 491 of the Code of 1880. It is not perceived how this section can be of any value to the defendant, inasmuch as he must start to apply it, if at all, from a description on the assessment which is identified. Instead of this, the defendant starts from no description—a void description in the effort to make something else certain. This is reversing the order of the section.

*Calhoon & Green,* on the same side.

This case is settled by the action of this court deciding the case of *Mahala Armstrong* v. *Thomas Johns,* No. 4793, from second district, decided February 23, 1885, in which we failed in urging the only view by which appellee can hope for affirmance.

It is manifest that Marx paid taxes on the Ellis land and not on the land in controversy. He made the grave mistake of paying two dollars and ten cents where he should have paid eleven dollars and forty cents. He paid on land not fully identified, and failed to pay on his own, which was fully identified with the number of the square. So the State got a good title to his land, and we bought it from the State.

*Miller & Conn,* for the appellee.

If the taxes were paid once on this land for 1883, that ought to protect the owner and will so protect him, notwithstanding by some mistake the same land appeared twice on the roll. Burroughs on Taxation 355.

Did it appear, and is this a double assessment of the same property? Suppose the assessment under which Marx paid had been the only assessment of his lands, and suppose it had been sold under that assessment, would it have been a valid sale?

Under § 491, Code of 1880, it appears that it would.

Under that section parol testimony is admissible to supply defects of the very kind appearing here.

This case is not a case of paying tax by mistake on the wrong land, intending to pay on the right land. We paid, in fact, on the right land, and on the land we intended to pay on. We made no mistake at all. We simply proved by parol what square our land was in. If in No. 4793 the land in section 27 had been proved to have been paid on as well as the land in section 26, then the court would have decided differently in that case.

*R. N. Miller* also made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

The landowner must be protected by payment of the taxes under an assessment sufficient to uphold a sale of the land for taxes, if payment was not made. If there are two assessments of his land, each sufficient, if it were the only one, to support a sale, and he pays under either, a sale under the other is unlawful.

Only one assessment can be lawfully made. The owner knows this, and finding one may assume that it is the only one, and act accordingly. He is not bound to inquire if there is another, or to take notice of it if it exist, and if he has knowledge of it he may pay under that most favorable to him and thereby acquit his land if the assessment is not corrected by the proper authority. This results from the proposition that payment under an assessment sufficient to carry title in case of a sale under it acquits the land from liability to sale. The validity of a sale for

taxes depends, not on the knowledge or conduct of the owner of the land, but on the assessment and delinquency for taxes. If there is a valid assessment for taxes duly levied and they are unpaid, the power to sell arises independently of the knowledge or ignorance of the owner of the land. The whole proceeding is *in invitum*, and depends on the law and not on consent. Therefore, the validity of a sale for taxes is determinable by the sufficiency of the assessment to fix the charge, the delinquency, and the sale to meet the charge imposed.

The description in the assessment under which payment was made was sufficient, as it could be applied by the aid of parol evidence to lot two and thirteen feet off of lot three, square three, in the Haley plat, and it is clearly shown that it was intended for these parcels.

Had there been no other assessment and no payment, and a sale under this assessment, it would have been upheld on the evidence, and as a sale under that description would be good payment must be held to prevent a sale. The code, §§ 490, 491, provides for the admission of parol evidence, if there is " enough in the description on the roll to be applied to a particular tract of land by the aid of such testimony," and that a description, " as a part of a designated tract or division shall be held to embrace such part as is the subject of separate ownership as one tract." Where part only of a lot is owned by one, the remainder is the subject of separate ownership. So, in all such cases at least, two parts are subjects of separate ownership, and it is only where the assessment roll shows the owner of the part meant or contains some other sufficient indication that the provision of the statute can apply. Part of a designated division of land being assessed to him who owns a part of it, the law applies the description to the fact of ownership, and makes that definite and certain which but for the statute would be void for uncertainty. The roll must furnish the clue which, when followed by the aid of parol testimony, conducts certainly to the land intended. It is admissible only to apply the description on the roll, which must give the start and suggest the course, which, being followed, will point out the land intended to be assessed.

Payment of taxes on the wrong land will not affect a sale of that on which taxes are due and unpaid, even when the payor intended to pay on his own and failed by mistake to do it, because the power to sell does not depend on the purpose of the owner, but on the fact that he does not pay, and payment by mistake on other land does not avail to prevent a sale of that actually delinquent. Here there was not a mistake as to the land paid on, but a double assessment, both good, and payment under one.

The tax collector should have discovered the mistake, and have returned to Marx the money paid under the erroneous assessment, and then would have been entitled to claim the taxes due under the proper assessment, and, if they were not paid, could have lawfully sold the land under that assessment.

*Affirmed.*