76   283
e83   275
e83   277

## LUCY McQUEEN *v.* JOHN N. BUSH.

1. TAX TITLE. *Description. Surplusage.*

    If land be described in a tax deed as "90 by 225 feet on the west side
    of Warrenton road, in section 34, township 16 north, range 3 east,
    in Warren county, Mississippi, assessed to John Parkhurst," the
    reference to the section is as essential a part of the description as
    any other part, and cannot be treated as mere surplusage.

2. SAME. *Name of person to whom assessed. Clue.*

    If, in such case, the reference to the section be treated as surplusage,
    the description would be void, for the name of the person to whom
    the land is assessed is not descriptive of the land, and it would not
    furnish a clue which, if followed, would identify the tract. *Bow-
    ers* v. *Andrews*, 52 Miss., 596; *Dodds* v. *Marks*, 63 Miss., 443.

3. SAME. *Code* 1892, §§ 3775, 3776. *Parol evidence.*

    Code 1892, §§ 3775, 3776, authorizing the introduction of parol evi-
    dence to identify land sold for taxes in case of defective descrip-
    tions, requires the clue to be found in the assessment roll; and it
    cannot be furnished by the pleading of the party who asserts the
    tax title.

4. SAME. *Reformation.*

    A court of equity will not reform a tax title.

5. SAME.   *Assessment.   Intention of assessor.*

    There cannot be an assessment of lands, within constitutional re-
quirements, which rests only in the memory and purpose of the
assessor.   There must be official action, evidenced by the roll he
is required to make.   *Sims* v. *Warren*, 68 Miss., 447.

FROM the chancery court of Warren county.

HON. CLAUD PINTARD, Chancellor.

The appellee, John N. Bush, was the complainant in the court
below.   Lucy McQueen, the appellant, was defendant there.
"A certain lot, 90 x 225 feet, on the west side of Warrenton
road, section 34, township 16 N., range 3 east, in Warren
county, Miss.," was assessed to John Parkhurst, and, the
taxes not being paid, this property was sold by the tax col-
lector to the state.   The time for redemption having expired,
appellee, Bush, purchased this property from the state for the
sum of $200, receiving a deed from the land commissioner,
describing the land as above.   Bush filed a bill, not to reform
the deed, but to confirm his tax title, but alleging that the land
was in section 29, instead of 34, as erroneously assessed and
sold.   Appellant, McQueen, demurred to the bill.   His de-
murrer was sustained, and Bush filed an amended bill, to which
McQueen demurred, and, from a decree overruling this demur-
rer, this appeal is prosecuted.

*McLaurin & McKnight,* for appellant.

The appellee, under the guise of seeking the confirmation of
his tax title, really seeks its reformation.   He does not ask
confirmation of this title as written, to the land as described
therein.   Nor does he say that there are more tracts than one
to which this description is equally applicable, and ask the
court to which it applies.   Nor does he seek to apply the de-
scription in his conveyance to any particular part of the legal
subdivision assessed and sold, by availing himself of the provi-
sions of § 3776 of the code of 1892, under which "it is admis-
sible only to apply the description on the roll or in the convey-

ance, which must give the start and suggest the course " (*Dodds* v. *Marks*, 63 Miss., 443), " but not to bring a particular thing under a description not applicable to it " (*Bowers* v. *Andrews*, 52 Miss., 606). On the contrary, he alleges " that the reference in said assessment, sale, conveyance and deed to section 34 are surplusage," and thereby reduces the already void description to still greater uncertainty. *Tierney* v. *Brown*, 65 Miss., 563; *Vaughn* v. *Swazie*, 56 Miss., 704; *Brown* v. *Guice*, 46 Miss., 299; *Yandell* v. *Pugh*, 53 Miss., 295; *Dingey* v. *Paxton*, 60 Miss., 1038. The proposition of law, as laid down and held in *Bowers* v. *Andrews*, 52 Miss., 596; *Sims* v. *Warren*, 67 Miss., 278, s. c. 68 Miss., 452; *Pierce* v. *Perkins*, 70 Miss., 276; and *Nelson* v. *Abernathy*, 74 Miss., 167, that the courts will not reform tax titles, as "there is no *aggregatio mentium* which the instrument has mistaken," and therefore no mistake to be corrected, was not disputed in the court below, either by the court or by counsel, but it was contended by counsel, and held by the court, that the allegation that the mention of the section in the description was surplusage, saved the bill from being one for the reformation of a tax title.

But it will not do to argue that the changes sought to be made in the description of the land by the coveted decree in this case would not be reformation of a tax title. Not only does appellee seek, in effect, a reformation of his tax title—however much he may disclaim it—but he seeks also to have the court, by its decree in this cause, to supply the constitutional and fundamental requirement of an assessment and sale for taxes of the land of appellant, by showing that the officers intended to assess and sell for taxes the land of appellant, instead of the land described in his conveyance from the state. The intention of the officers cannot be inquired into beyond what is shown by the records made by them. *Bowers* v. *Andrews*, 52 Miss., 604. " There cannot be an assessment of lands, within the constitutional requirement, which rests in the memory and purpose of the offi-

cer.   There must be official action, evidenced by the roll he is required to make." *Sims* v. *Warren*, 68 Miss., 452.

*Dabney & McCabe*, for appellee.

It is true we are asking to have a tax title to certain lands in section 29, township 16, range 3 east, confirmed, while the deed locates the land in section 34 of the same township and range; but we deny that the land, the title to which we asked to be confirmed, is other or different from that mentioned and described in the deed.   We have told the court in our bill, as plainly as we know how, that the land mentioned and described in the deed is located in section 29, and not in section 34, and that the land can be easily identified without reference to the section in which it is located, and that the mention of the section is, therefore, surplusage, and ought to be, and will be, disregarded by this court.   In the case of *Pegram* v. *Newman*, 54 Miss., 612, the lots of land described in the deed offered in evidence by the defendant in ejectment were 33, 34, 47 and 48, in square 15, in Vicks' enlargement of Vicksburg, whereas the property sued for consisted of lots of the same numbers in square 14 of Vicks' enlargement.   The lots in Vicks' enlargement were numbered consecutively from one to seventy, without regard to squares, so that there could be only one lot of the same number therein.   Held, that the error in the square did not vitiate the description, and that the deeds were admissible in evidence. And so it is here.   If the land, as the bill asserts, can be easily identified without reference to the section, an erroneous statement of the section will be treated as surplusage.

If we should concede, for the sake of argument, that the deed is void on its face, it does not follow that we may not have it confirmed.   The validity of the deed is not to be determined by its face alone, because §§ 3775, 3776, code 1892, authorize us to prove the validity of the deed, both by record and oral evidence, in ways too numerous to mention, and it is sufficient to say that if we can make proof of the validity of the deed

*dehors* it face, we will undoubtedly be entitled to a confirmation of our tax title.

The bill does not attempt to reform public records of the state and county. We know perfectly well that a tax title cannot be reformed. We know that before a contract of any kind can be reformed an agreement must be established, and we know there is no agreement between the tax assessor and the owner of the land which he assesses, and that there is, therefore, no *aggregatio mentium*. The proceeding is *in invitum*. The bill, however, charges that the assessor intended to assess, and he did assess; that the sheriff intended to sell to the state of Mississippi, and he did sell to the State of Mississippi; and that the State of Mississippi intended to sell, and did sell, to the complainant the lot or parcel of land described in the first paragraph of the bill. The bill makes that certain which upon the face of the deed alone appears uncertain. It does not ask an amendment or reformation of the deed in any sense. It merely asks that the surplusage in the deed may be ignored, and that the court shall ascertain the real piece of land sold, and confirm the title thereto. In other words, it asks that the complainant may be permitted, under §§ 3775, 3776, and under the law as given therein, to prove by records and oral evidence the lot or parcel of land which was assessed and sold, and purchased by complainant.

Woods, C. J., delivered the opinion of the court.

The bill of complaint, as finally amended, purports, in its body and in its prayer, to be one for the confirmation of a tax title held by the appellee to a lot of land assessed and sold, first to the state by the proper tax collector, and subsequently by the state to appellee, as 90 by 225 feet, on the west side of Warrenton road, assessed to John Parkhurst, in section 34, township 16 north, range 3 east, in Warren county, Mississippi. But the bill avers and charges that there is no such lot in section 34, but that said lot is in section 29, in said township and range,

and that said lot was erroneously located by the assessor in section 34, when, in truth, it is located in section 29. The bill of complaint seeks to meet and obviate this apparently insurmountable difficulty, by alleging that the location of said lot, in the assessment, sale, and conveyances and deeds in section 34 may be treated as mere surplusage. But the attempt to meet the difficulty must fail. The reference to the section 34 is as much and as essentially a part of the description of the lot as any other part of the description in the assessment, sale and conveyances. The bill is, in substance, and, if maintained, its effect would be, to correct and reform a tax title, and this correction and reformation of a tax title cannot be made, as the learned counsel for appellee freely admits.

But, moreover, if the reference in the assessment, sale and conveyances to section 34, township 16, range 3, were regarded as mere surplusage, the case of appellee would be in nowise helped. We would then have this description of the lot: 90 by 225 feet on west side of Warrenton road, assessed to John Parkhurst. Now, it has been held in *Bowers* v. *Andrews et al.*, 52 Miss., that the name of the person to whom the land was assessed is not descriptive of the land, but is descriptive of the reason for the sale of the land. Disregarding, then, the name of the person to whom the lot in the present case was assessed, where is the clue in the assessment "which, when followed by parol evidence, would conduct certainly to the land intended? It is admissible only to apply the description on the roll, which must give the start and suggest the course, which, being followed, will point out the land intended to be assessed." *Dodds* v. *Marks*, 63 Miss. The description on the roll and in the deed from the state to appellee is to "the 90x225 feet on the west side of the Warrenton road." There is no clue here which, if followed, would conduct anywhere with certainty.

The counsel for appellee frankly say in their brief that the bill of complaint furnishes the clue, gives the start and suggests the course. That is perfectly true. Taking the description

contained in the bill, any one could readily find the lot.    But it is not the clue to be found in a pleading which is to give the start and suggest the course which, being followed, will point out the lot of land. · The statutes invoked by appellee's counsel, § 3775 and § 3776, require the clue to be found in the assessment roll, and not in a complainant's bill.

But, we repeat, the purpose sought to be effected is a reformation of a tax deed which follows, in its description of the land, the assessment roll, and this cannot be done.

The averment of the bill that the assessor intended to assess and the collector intended to sell a lot in section 29 goes for naught, for in *Sims* v. *Warren*, 68 Miss. 447, it was said: "Nor do we think it would have been competent to show by parol the intention of the assessor undisclosed by what he did in fact do and record upon the memorial provided by law as the exponent of his action.    There cannot be an assessment of lands, within the constitutional requirements, which rests only in the memory and purpose of the officer.    There must be official action evidenced by the roll he is required to make."

*Reversed and remanded.*