ILLINOIS CENTRAL RAILROAD CO. *v.* WILLIAM K. BALDWIN.

TAX TITLES. *Deeds. Description. Ejectment.*

> A tax deed conveying to plaintiff in ejectment a town lot designated as "lot 9, on the south side of Otto street," does not entitle him to the recovery of a lot bearing the same number south of, but not bordering that street on its south side.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Baldwin, the appellee, was the plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The opinion sufficiently states the case.

*Mayes & Harris* and *J. B. Chrisman,* for the appellant.

*W. H. Powell,* for the appellee.

WHITFIELD, C. J., delivered the opinion of the court.

It is expressly agreed that the lot marked 9 on the map containing the seventy-nine hundredths and twenty-two hundredths acres is the lot sued for, "and that lot manifestly is not on the south side of Otto street." "On the south side" of a street is a description that only fits a lot actually bordering the street on its south side, and the assessor testifies explicitly that the lot sued for, agreed on as above, is "not on the south side of the street," but "south of the street;" and, further, that "lot 9, south of Otto street, and fronting on the railroad, belonged to the appellant, and was paid on." Now this lot 9, south of Otto street, is agreed to be the one sued for, not lot 9 "on the south side of Otto street." But the declaration and the tax deed describe "lot 9 on the south side of Otto street." It is obvious

on this state of case that the declaration and tax deed do not call for the lot which it is agreed is the one sued for.

*Reversed and remanded.*.

Calhoon, J., took no part in the decision of this case.