JOHN H. LEVENWORTH *v.* GREENVILLE WHARF AND STORAGE COMPANY.

TAXATION. *Assessment. Ambiguity. Parol evidence.*

An assessment of land in these words, "Huntington & Le Valley, Add. Owner's name, Goyer Company. All section 9 and 10, Township ———, Range 18," cannot be shown by parol to mean lots 9 and 10 of Block 18 of Huntington & Le Valley's addition to the city of Greenville.

FROM the chancery court of Washington county.

HON. CARY C. MOODY, Chancellor.

Levenworth, appellant, was complainant, and the Greenville Wharf & Storage Co., appellee, was defendant, in the court below. The object of the suit was to cancel appellee's claim to lots 9 and 10, block 18, of the Huntington & Le Valley addition to the city of Greenville, as a cloud upon complainant's title and to confirm his tax title thereto. Complainant derived title to the land through a deed from the state land commissioner; the land having been sold to the state for taxes in March, 1899, for the taxes of 1898. Defendant answered the bill, setting up that the sale to the state for taxes was void, beacuse the lands were never delinquent for taxes, there never having been a valid assessment of them for the taxes for which they were sold. The assessment roll shows at the top of the page the words "Huntington & Le Valley Add.," "Sec.," "Township," "Range," and below the words "Goyer Co." (the parties assessed), "All," and under the word "Sec." the figures "9" and "10," and under

the word "Range" the figures "18." It was appellant's contention that the assessor intended by the description to describe lots 9 and 10, block 18, of the Huntington & Le Valley addition to the city of Greenville. Before final decree complainant made application to remand the cause to rules to take parol testimony to show that the land described in the bill and the land referred to on the assessment roll was the same land, and to explain the entries "9, 18," and "10, 18," and to show to what they applied. This was denied, and the bill was dismissed. From that decree, complainant appealed to the supreme court.

*J. H. Wynn,* for appellant.

Counsel for appellee in the court below relied upon the following authorities: *Hughes* v. *Thomas,* 29 So. Rep.; *Dodds* v. *Marks,* 63 Miss., 443; *Sims* v. *Warren,* 68 Miss., 452; and *McQueen* v. *Bush,* 76 Miss., 283. The law of the case is clear, and as announced in the foregoing cases entitled the complainant to a decree without further testimony than was introduced before the chancellor, and there is no ambiguity in the assessment and the assessment as appearing on the roll fully describes the land in controversy. The complainant sued for lot No. 9, block 18, and lot 10, block 18, of the Huntington & Le Valley addition to the city of Greenville; but it was contended that because the figures 9 and 10 describing the lots, and the figures 18 indicating the block, appeared, respectively, in the columns provided on the assessment roll for sections and ranges, and the words "lot" and "block" not being used in the description on this page, that the description could not be applied to the land in controversy. The court will see that the assessment is made on a common assessment roll used for assessing all lands in the county.

Now the words "Huntington & Le Valley Addition" are not in print, but are in writing, and wherever words written upon a printed form convey a different meaning from the printed form, the meaning of the written words must prevail. The writing

of the words "Huntington & Le Valley Addition" at the top of
the page described the land beneath as being in that addition.
There can be no doubt about that. This is clearly not an assess-
ment of lands in the country, for the township is omitted alto-
gether, and there is no range 18 in Washington county, and
this the court judicially knows. And the court will observe
that on the particular page the words "Huntington & Le Valley
Addition" are written over the words "section, township and
range," and the words "section, township and range" are
in fact written out as completely as if they had never appeared
on this page. It is true that the word "addition" is not fully
written out; that the word "Add." stands for addition is an
abbreviation well known in general use and is shown by the tes-
timony stands for the word "addition." Now, the court will
further see that after the assessor had finished assessing lands
in the country, on page 120 of the original assessment roll, he
began on page 21 to assess lands in the city of Greenville, begin-
ning with the "original town of Greenville" and going through
the various additions, putting the word "lot" in the columns
originally provided for sections, and the word "block" in the
column originally provided for ranges, and writing the figures
which described the lots in the column below the word "lots,"
and the figures which described the block below the word
"block," but he did not always write the words "lot" and
"block" at the top of the column, and this was unnecessary, for
he wrote them when he began upon the original town and wrote
them in many places thereafter, as will be seen on pages 122,
*et seq.,* 128, 136, 137; 143 and 144, and it was not necessary for
him to continue to write the words "lot" and "block" at the top
of the columns, for he wrote them sufficiently to indicate clearly
where the figures describing the lots appeared and where the
figures describing the blocks appeared. It might as well be
contended that he should have written the words "lot" and
"block" over each particular piece of land assessed.

*Leroy Percy,* for appellee.

Appellant contends that the word "section," as it appears on the roll, should be read "lot," and that the word "range" should be read "block."

I know of no rule of construction as applied either to an assessment roll, or to any written instrument, under which this can be done.   It is not an attempt to explain the language used in the roll, or to point out any clew given by it; not an attempt to explain the words of description, but to contradict them, to write them out, and to write in lieu of them the words which appellant states should have been written by the assessor.   His contention merely is that the assessor intended by his description to describe the lands embraced in this suit.   For the purpose of this argument granted, but I do not see that the appellant's condition is improved by the concession.   It is absolutely immaterial and irrelevant what was the intention of the assessor. The sole question is, what official action did he take, as is evidenced by the roll that he was required to make.

As stated in *Sims* v. *Warren,* 68 Miss., 447, and the language seems to me to be applicable to this case, looking to the evidence in this case, we find nothing in it in aid of the assessment except the intention of the tax collector in making the sale, and this is an irrelevant and inconclusive matter, throwing no light upon the material inquiry as to what lands were assessed, nor do we think it would have been competent to show by parol the intention of the assessor, undisclosed, by what he did in fact do and record upon the memorial provided by law as the exponent of his action."

The appellant cannot claim, of course, that he has been in any way misled or prejudiced by the action of the assessor. He cannot garb himself in the apparel of an overreached or innocent purchaser so as to appeal to the court.   When he sought to acquire appellee's land under the tax sale, he made the purchase relying upon the various officers charged with the

duty of assessing and selling for taxes having done their duty, and what they had done was open for his inspection, and he was cognizant of the fact that any invalidity in the assessment nullifies the tax sale under it; that the fundamental question always arises, Has there been a valid assessment of the land sold?

It may be that the court is entirely satisfied that the failure to properly describe this land resulted from the lamentable negligence of the officer charged with making the assessment; that he simply left the words "section" and "range" standing on the roll instead of erasing them and writing the words "lot" and "block" through indifference or ignorance, but the roll as made by him is the exclusive record provided by law as the exponent of his intention. From the facts of this record alone can that intention be derived.

CALHOON, J., delivered the opinion of the court.

The assessment roll shows, at the head of the page, the words, "Huntington & Le Valley Add.," and below this the words, printed, "section," "township," "range," and below this the names of the parties assessed, with the word "all," and under the column "section" the figures "9" and "10," and under the word "range" the figures "18." The appellant's claim is that this is a good assessment of all of lots 9 and 10 of block 18 of the Huntington & Le Valley addition to the city of Greenville. The words "lot and block" do not appear on the page, nor do they appear anywhere in the attempted assessment of that addition. We agree with the chancellor below that they cannot be supplied by parol testimony.

*Affirmed.*