PECA v. HUDDLESTON et al.

(Fourth Division.  Fairbanks.  March 18, 1915.)

No. 2043.

1. MINES AND MINERALS ⬥114—DESCRIPTION OF PROPERTY—PLEAD-
INGS.

   A mechanic's lien described the property as "bench placer
mining claim situate on left limit of No. 21 Goldstream creek,"
Fairbanks precinct, Fourth judicial division, territory of Alaska.
*Held*, a sufficient description of the property.

2. MINES AND MINERALS ⬥17(1)—DESCRIPTION IN LOCATION NOTICE.

   The custom of miners in describing claims in reference to a
"discovery claim," as "number —— above" or "below Discovery"
and with regard to the creek claim, as "opposite No. —— on the
right limit," or the "left," as the case may be, examined, and
*held* a sufficient description by which to identify the property.

This action is before me on a demurrer to the complaint on
the ground that the complaint does not state facts sufficient
to constitute a cause of action against the defendants or
either of them.  The defendants present for the consideration
of the court the following objections, to wit:

That the description of the property sought to be charged
with the lien is not sufficient for identification, in that the
name of the claim "bench placer mining claim situate on left
limit of No. 21 Goldstream creek," Fairbanks precinct, Fourth
judicial division, territory of Alaska, fails to identify the prop-
erty with the required degree of certainty.

G. B. Erwin and M. E. Stevens, both of Fairbanks, for
plaintiff.

Cecil H. Clegg, of Fairbanks, for defendants.

BUNNELL, District Judge.  In the staking of placer min-
ing claims in Alaska, the locators have sought to have the
name given to a claim contain a description of it with refer-
ence to the Discovery claim.  With Discovery as the initial
claim, descriptive names such as "No. 1 above Discovery,"
"No. 1 below Discovery," are sufficiently accurate.  Coming,
then, to the claims adjoining those located in the creek bed, on

either side, we find the descriptive words of "bench" and "right" or "left" limit, as the case may be. Those claims adjoining the line of claims following the thread of the creek bed are still further described as being in the first tier on the right or left limit, and those farther removed are described as to remoteness from the creek bed line of claims by such terms as "second," "third," or "fourth" tier, on the right or left limit of a designated number either below or above Discovery.

Defendants object to the name "bench placer mining claim on the left limit of No. 21 Goldstream creek," and insist that, since it is not further described in its name by the tier in which it is located, the name as above is wholly insufficient to describe the property sought to be charged with the lien. It is necessary to determine exactly what this name means in the claim of lien. It cannot generally refer to some claim that may be in the first, second, third, or some other remote tier of benches or claims.

The word "limit," in Words and Phrases Judicially Defined, vol. 5, page 4164, is defined as follows:

"Limit means boundary, border, the outer line of a thing, and nothing else, except when used to convey the idea of restraint."

And in volume 6 of the same work, page 4961, the word "on," when it is used in the sense of adjacent, is defined as follows:

"We speak of a town or city as situated on a lake or river. The subject-matter defines the language, so that everybody understands at once that the place is on the bank or shore of the lake or stream —is hard by or adjacent to it; so that in the present instance the language of the declaration, especially when, taken in connection with the other descriptive circumstances, fairly means that the excavation was along the side of and adjacent to the alley, just as the church would be referred to as situated on the alley, or on Church street, yet no one understanding it to be anywhere but adjacent to the street or alley, or along the side of one or the other."

And in the sense of "contiguous or near" (page 4963) it is defined as follows:

" 'On the south side of the street' is not equivalent to the expression 'south of the street,' but, when used as part of the description of a lot, properly refers only to a lot actually bordering on a street on its south side, so that a complaint in ejectment, describing the

premises sued for as 'lot nine, on the south side of O street,' is not supported by evidence as to a lot not bordering on the street, but south of the street.   Illinois Cent. R. Co. v. Baldwin, 28 South. 948, 949, 77 Miss. 788."

The description, then, "bench placer mining claim situate on left limit of No. 21 Goldstream creek," although the tier is not given, has a definite meaning to the exclusion of any claim in any tier other than what is commonly called the first tier.   It designates and describes, with reference to Discovery, that certain placer mining claim actually bordering on the left-hand side, looking downstream, of No. 21 Goldstream creek, and cannot describe a claim in any other tier opposite No. 21 Goldstream creek, left limit, not bordering on said No. 21.

The third edition of Lindley on Mines, vol. 2, p. 1050, contains the following with reference to bench claims:

"The standard size of placer claims, as defined by the local rules in Alaska, is a parallelogram 1320x660 feet, which contains an area exactly of 20 acres, the equivalent of two 10-acre tracts in square form placed end to end, the direction conforming ordinarily to the course of the stream or stream bed, upon or adjacent to which (bench claims) the locations are made."

Since the question of whether No. 21 Goldstream creek is above or below Discovery has not been raised, it is to be presumed by the court, for the purpose of determining the question presented, that the claims on Goldstream creek have not been located both above and below Discovery. ·

The demurrer is therefore overruled, and defendants are given ten days within which to answer.