CARR *v.* BARTON *et al.*

(Division B. June 3, 1935. Suggestion of Error Overruled Sept. 16, 1935.)

[162 So. 172. No. 31711.]

G. S. Landrum and Thos. Land, both of Kosciusko, for appellant.

Ralph Landrum, of Kosciusko, for appellees.

Argued orally by **G. S. Landrum**, for appellant, and by **Ralph Landrum**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Mrs. Kittie Carr, was plaintiff in the court below, and, on June 17, 1933, filed her bill in the chancery court of Attala county to confirm a tax title to property in said county described as follows: House and west half of lot seven, and ten feet of lot eight, and one and one-half feet west side of the east half of lot seven, section thirty-four, township fifteen, range eight; house and two-acre lot in section thirty-four, township fifteen, range eight; north one-half of the northwest one-fourth less one-third acre to Mrs. Carr and five acres, southwest one-fourth of the northwest one-fourth of section four, township fourteen, range eight.

The bill was filed against W. T. Barton and wife, Mrs. Delina Barton, the Bank of Ethel, and J. G. Smythe, trustee, and there was attached to the bill as an exhibit a deed from the chancery clerk attempting to convey to Mrs. Kittie Carr the above described lands. The tax sale occurred on May 4, 1931, for the taxes of 1930, and the deed was dated May 9, 1933.

The bill included also a notice or order of the board of supervisors reciting that on receiving the report of the tax collector it was found that it was impossible to sell all the lands delinquent at the time required by law, the first Monday in April, and the board fixed the first Monday in May, 1931, as the date of sale, and directed notice to be given thereof.

The bill was demurred to, the demurrer was sustained,

and the bill was amended. The defendants answered the amended bill embracing in their answer a demurrer.

The chancellor, after hearing the testimony, including the introduction of the various deeds and maps, held that the tax deed was void for a patent ambiguity as to all the lands embraced in the bill, except that described as the "north one-half of the northwest one-fourth less one-third acre to Mrs. Carr," and sustained the bill as to that land, from which decree the appellant, who was plaintiff, takes a direct appeal, and the appellees, defendants, take a cross-appeal from the decree as it adjudges title to the north one-half of the northwest one-fourth less one-third acre to Mrs. Carr.

The notice of the tax collector's sale appeared in the Sunday issue of the county paper which was issued on Wednesday and Sunday, there being but two issues each week. There does not seem to have been introduced any proof of publication by the publisher, or any other officer, but the chancery clerk kept notices appearing in said paper in his office, and these were offered in evidence. It was also shown by one owner of the paper that the paper was actually published and mailed on Saturday afternoon, but was dated Sunday.

Under section 3120, Code of 1930, when lands are assessed, by a legal assessment, a lien is created upon all property so assessed. By section 3122, Code of 1930, when taxes are legally assessed they become a personal debt against the owner. By section 3148, Code of 1930, lands not surveyed according to the plan of government surveys shall be assessed by the designations used on the government maps, or by other description or names by which they may be distinguished, and if parts of such lands shall be owned by different persons, such parts shall be referred to by quantity, and such short memorandum as may be convenient to show the locality. By section 3149 it is provided that a failure to observe the requirements of section 3148 shall not vitiate any assess-

ment, if the land be so described as to be identified, "and it shall be sufficient identification of land to describe it as the land of . . . (the person owning or claiming it), occupied by . . .; or that part of (section or other known division designating it) owned or claimed by . . .; or the lot on which . . . . resides; or the lot occupied by . . .; or by the name by which it may be known; or by any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended."

In order that a lien may be created by an assessment, there must be in the assessment such description or such reference to some particular place, or thing, or a fact by which a certain description may be determined. It is not sufficient to describe lands on an assessment roll in such manner as that different minds might reach different conclusions. There must be a certainty in description, or some reference in the assessment roll, or some indication, which will lead or point to a sufficient description. This is one of the elements of due process of law, and before a person can be deprived of property by assessment and sale, there must be some data in the assessment which will clearly lead to identification of the property. United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045.

In McQueen v. Bush, 76 Miss. 283, 24 So. 196, it was held that a land description reading "90 by 225 feet on the west side of Warrenton road, assessed to John Parkhurst, in section 34, township 16 N, range 3 E, in Warren county," conveyed no title, since the name of a person to whom land is assessed cannot be considered in aid of the description required, it not being descriptive of the land and furnishing no clue which, if followed, would identify the tract. Citing Bowers v. Andrews, 52 Miss. 596; Dodds v. Marx, 63 Miss. 443. It was further held therein that it would not have been competent to show

by parol the intention of the assessor, and that there cannot be a constitutional assessment of lands which rests only in the memory and purpose of the officer. There must be official action evidenced by the roll he is required to make. Numerous decisions of this court have dealt with the application of the statute, and the requirements of assessors, but the rules announced in this case, McQueen v. Bush, supra, are treated by all of them as a guide in determining the legality of the description.

In the case at bar, the only indication on the assessment roll that would show to whom the property belonged was the name "W. T. Barton" in the column on the assessment roll marked "Name of owner." This was held in the case of McQueen v. Bush, supra, not to sufficiently identify the property. It merely shows the name of the person to whom the property was attempted to be assessed, and is no part of the description of the property. It does not aid in the description in any sense.

It is manifest that the description, per se, as on the roll and in the bill, does not describe the property so as to identify it in a manner that would enable it to be located therefrom by a surveyor. Furthermore, it does not follow the direction of section 3149, Code of 1930. There is nothing in the assessment roll in the case at bar showing anything by which the land may be identified. It seems to have been the idea of the assessing authorities that if a person inquired and found out who occupied the land that would be sufficient, but such is not the law. The assessment roll must furnish the key or must itself describe it. When property is properly described, it may be assessed to an unknown person, or to any person though not the owner, and such will be a legal assessment. If the assessment in the case before us had described the land as the land of W. T. Barton, or as occupied by W. T. Barton, or claimed by W. T. Barton or a name by which the property was known in the community, then extrinsic evidence could have been

offered in aid of the roll under the statute admitting parol evidence.

We will notice some other decision of this court bearing upon this question.

In Crawford v. McLaurin, 83 Miss. 265, 35 So. 209, 211, 949, it was held that parol evidence is not admissible in aid of an insufficient description, unless the roll itself furnishes the clue or key. After setting forth the descriptions, the court said: "Can the latter be shown, under recognized rules of construction by parol testimony, to include the former? 'The roll must furnish the clue'—must give the start, and suggest the course—and parol testimony is admissible only to apply the description found on the roll. Appellant says the 'clue' is found in 'Lot 6, Collier Estate.' But here we are met by the statement of this court in Boone v. Dulion [80 Miss. 584, 32 So. 1], supra, that references cannot be had to the 'calls of private conveyances made before the assessment.' And yet the clue furnished by the words, 'Lot 6, Collier Estate,' is simply a reference to a plat of a private survey filed as an exhibit to a decree dividing lands between individuals; not a map of a public survey authorized by state or county of sections, townships, or ranges, or legal subdivisions thereof; not a plat of town lots, made under the authority of or recognized by a municipality." The court in this case held that the tax deed was void.

In Illinois Cent. R. Co. v. Baldwin, 77 Miss. 788, 28 So. 948, 949, it was held that a tax deed conveying land as being on the "south side of Otto street," when in fact it was "south of the street," was void.

In Sims v. Warren, 68 Miss. 447, 10 So. 40, it was held that an insufficient description of land cannot be aided by extrinsic evidence unless the roll furnishes the clue, and that it was incompetent to aid such defective assessment by evidence as to what the collector intended to sell.

In Cassidy v. Hartman, 93 Miss. 94, 46 So. 536, we held that the assessment and the tax collector's deed were of rural lands, and furnished no pointer by which any person could have found the land, and that the tax title was void because of a patent ambiguity in the deed.

In Smith et al. v. Brothers, 86 Miss. 241, 38 So. 353, it was held that the assessment roll cannot aid the description in a tax deed when it contains a patent ambiguity.

In Boone v. Wells, 91 Miss. 799, 45 So. 571, it was held that the description in a tax collector's deed as "Lot 38, except lots sold Russell, Gottschalk survey, section 8, Tp. 8, R. 11," was void since the map of the survey was not to be found in the clerk's office or elsewhere, and it did not appear whether the survey was a private or public one, and there was no indication of what lots were sold to said Russell Gottschalk.

In Lott v. Rouse, 147 Miss. 802, 111 So. 838, it was held that the description in a tax deed describing land as being in "Reg. Section 19, part Walter Denny Conf. No. 40" was fatally defective as being insufficient to furnish a clue or starting point by which description could be made definite by parol testimony; and that in order to warrant the introduction of parol testimony to make the description in a deed certain, there must be a definite clue shown by and from the official map.

In Illinois Cent. R. Co. v. Le Blanc, 74 Miss. 650, 21 So. 760, it was held that under the Code authorizing a tax collector's deed to be aided by parol testimony, a sale for taxes of a designated tract shall convey such part of the tract as is separately owned; and that when part of a tract is assessed by a description which identifies it, any other part of the tract assessed, but not identified, shall be held to embrace all not included in the part identified. In this case the assessment was aided by the name of the party, as authorized by the Code.

In Moores v. Thomas et al., 95 Miss. 644, 48 So. 1025, it was held that the description of property assessed for taxation as the "W. ½ x N. W. ¼—S. E. ¼ x N. W. ¼" is a sufficient description of the "W. ½ of N. W. ¼ and S. E. ¼ of N. W. ¼," the almost universal practice being to omit the "of," and it being allowable to disregard the "x."

In Reed v. Heard, 97 Miss. 743, 53 So. 400, it was held that the section of the Code, making parol testimony admissible to apply a description of land on the assessment roll, does not permit parol testimony to supply a description where it is totally void; but such testimony may be resorted to where it will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of testimony; and where only eighty acres in a government survey was located on one side of a body of water, and forty acres thereof was assessed to one person, parol testimony was admissible to supply the description of the remaining forty acres assessed to an unknown person, so as to identify such land conveyed by a tax deed.

In Standard Drug Co. v. Pierce, 111 Miss. 354, 71 So. 577, it was held that the description of land in a tax deed as the "south ½ of north ½, lot 5, block 113, Kamper & Whinnery No. 2," Forrest county, Miss., together with the showing on the assessment roll and parol testimony identifying the description, was sufficient to identify the land. In that case there were two Kamper & Whinnery subdivisions, and the court there said: "We think the description of the land contained on the assessment roll was sufficient without the aid of parol testimony, and that the description of the land in the tax deed was sufficient to make competent evidence aliunde the deed, which here consists of the assessment roll and the parol

testimony heretofore referred to, and that by such evidence it was made certain that the land here in question was the land intended to be conveyed.'' Citing Reed v. Heard, 97 Miss. 743, 53 So. 400.

In Levenworth v. Greenville, etc., Co., 82 Miss. 578, 35 So. 138, it was held that ''an assessment of land in these words, 'Huntington & Le Valley, Add. Owner's name, Goyer Company. All section 9 and 10, Township —, Range 18,' cannot be shown by parol to mean Lots 9 and 10 of Block 18 of Huntington & Le Valley's addition to the city of Greenville.''

In Wheeler v. Lynch, 89 Miss. 157, 42 So. 538, it was held that land described in the tax deed as the ''west part northwest ¼, section 29, township 1, range 8, one hundred and ten (110) acres, more or less,'' is sufficiently described where there has been conveyed to another person fifty acres, the east part of the same quarter.

In Martin v. Smith, 140 Miss. 168, 105 So. 494, it was held that the description in a tax deed as ''lots 37-39, in Moore's addition to town of P.; Eugene Martin, owner,'' is not ambiguous because of the omission of the initials ''J. H.'' before ''Moore'' in the title, or because there were lots of the same number in ''Moore's Second Addition'' to the town.

In Patterson v. Morgan, 161 Miss. 807, 138 So. 362, it was held that a description in a tax deed reading as follows, ''Beginning at the S. W. Cor. of Lot No. 2, Plat of Ozona, thence run South 35 degrees and 5 minutes West 417.4 feet parallel with the east boundary line of the N. O. & N. E. R. R. and allowing a 30 foot public road on the East side of Rt. of Way; thence South 54 degrees and 55 minutes East 2,087 feet between parallel lines—containing 20 Acres'' in section 25, township 5, range 17, was insufficient so that the assessment and deed were nullities. The court there said: ''We are of the opinion that there is no description of any area of land in the assess-

ment or in the deed, and that the map and deeds considered in connection with the description on the roll and conveyances cannot be applied to any particular tract of land. It is not a conveyance of any land. The assessment is a nullity. The deed is a nullity. When we get to the end of the 2,087 foot line, we are left in the wilderness. In other words, a surveyor would ask, 'where do we go from here?' The question cannot be answered, considering all the proof offered together with the void assessment. There was no assessment of land, therefore the deed was a nullity, and the appellants' possession of the land was a nullity, and they were not lawfully at any moment in possession of the land. An insufficient description of land on the assessment roll cannot be aided by extrinsic evidence, unless the roll itself furnishes the clue, which, followed by the aid of such evidence, will lead to the land intended.'' Citing Dodds v. Marx, supra; Sims v. Warren, supra; Nelson v. Abernathy, 74 Miss. 164, 21 So. 150; Illinois Cent. R. Co. v. Baldwin, 77 Miss. 788, 28 So. 948.

We have set forth and summarized these holdings for the purpose of showing that the rule has always been in this state that the assessments must contain sufficient descriptions themselves on their faces, or point to where such information may be obtained.

We think that all the cases adhere to the rules announced in McQueen v. Bush, supra, and that any apparent conflict in the decisions grows out of the principles there announced when applied to the particular assessments in the different cases.

A judge must first determine in deciding a lawsuit what the facts of the case are, and, second, what principles of law should be applied to these facts. There is no conflict in the principles, and, as set forth in the authorities quoted, due process of law requires a sufficient identification of the property assessed before a lien

thereon will be acquired, and before a personal debt will be established on the property against the owner and before a sale can be made of such property.

Applying the clear principles of law to the facts of the case at bar, we are of the opinion that the assessment was void. Therefore the decree of the court below will be affirmed on direct appeal, and on the cross-appeal it is reversed and the bill dismissed.

Affirmed on direct appeal and reversed on cross-appeal and bill dismissed.