## SIMMONS *v.* STATE.

(In Banc.    Jan. 28, 1946.)

[24 So. (2d) 660.    No. 36002.]

272

Hall & Hall and Bernard Callendar, all of Columbia, for appellant.

**Greek L. Rice**, Attorney General, by **W. B. Fontaine**, Assistant Attorney General for appellee.

**Roberds, J.,** delivered the opinion of the court.

The land in question was described in the tax sale to the state and in a patent from the state as the NE¼ of the NE¼ "less 2 a" in a designated section, township, and range. Simmons, claiming under the patent, filed the bill herein to quiet, confirm, and validate his title to said lands, making the state alone a party respondent to the bill, the proceeding being under Section 1317, Code 1942. The chancellor held that the foregoing description was indefinite and for that reason the tax sale to the state was void, although he also found that in all other respects the sale and the issuance of the patent were regular and valid. The question is whether the description as above set out rendered the tax sale to the state illegal. Appellant contends that the part which is indefinite is the excepted two acres, and that this does not render the description uncertain and illegal. The state contends that while that is true as between individuals entering into a voluntary agreement, it is not the case where a sale is in invitum and property is taken from the owner against his will, as in a tax sale. This court has recognized that distinction (although the writer thinks the distinction is not well taken) and the cases of Carr v. Barton et al., 173 Miss. 662, 162 So. 172 and Jefferson et al. v. Walker et al., 24 So. (2d) 343 not yet reported in State Reports, support the contention of the state and the holding of the chancellor.

Appellant further contends that since the state alone is a party respondent and the state conveyed by the patent what it got under the tax sale, that as between appellant and the state the title of appellant should be quieted and confirmed. Section 1317, Code 1942, imposes on the chancellor the duty to validate the title under the patent unless it shall appear to the court and the court shall find as a fact that the state (1) did not acquire title to the land

by virtue of the tax sale, or (2) the title was divested out of the state without payment of the purchase price, or (3) such title was divested as a result of actual fraud. Since the chancellor held on the face of this record the state acquired no title, such finding precluded the right of the chancellor to validate the title of appellant on the record as now made.

However, the Jefferson case, supra, further held that record evidence, such as the deed records and assessment rolls, are competent in aid and clarification of the description in the tax sale, and it may be that the description here involved can be perfected by this method and the title of the state, and consequently that of appellant under the patent from the state, shown to be good. And since the Jefferson case was decided after the case at bar was tried and after the briefs herein were filed, and since the state has received and retains the purchase money under the patent, we think it only just and equitable that a final decree should not be entered here, but that the decree of the chancellor should be affirmed on this record and the cause remanded for opportunity to appellant to show, if he can, under the permissible method set out in the Jefferson case, that the tax sale was valid.

Affirmed and remanded.