## EVA A. TRAGER v. JOHN F. JENKINS.

1. TAX TITLE. *Double assessment. Description. Parol evidence.*

   A double assessment and payment of taxes on land by one description may be shown, by parol evidence, to invalidate a tax sale by the other description.

2. SAME. *Spanish grant. Government survey. Case.*

   Parol evidence is admissible to show that lands mentioned in a tax receipt by a Spanish grant description are the same lands assessed and sold for taxes by a government survey description showing section, township and range.

3. SAME. *Confirmation. Collateral attack. Notice. Fraud.*

   A decree confirming a tax title on publication, as in the case of unknown owners, may be collaterally attacked for fraud when rendered without notice to the owner who is in the actual occupancy of the land at the time of suit.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

Ejectment by Jenkins, plaintiff, for " a tract of land in Wilkinson county, Mississippi, containing $47\frac{23}{100}$ acres, more or less, and being all of fractional section 2, of T. 1, R. 5 west." The defendant, Mrs. Trager, applied for a continuance at the July term, 1897, her husband and agent setting up, in his affidavit therefor, that the plaintiff relied on a tax title confirmed by the chancery court of the county; that the suit was against unknown owners, and that defendant could prove by one Flower, a resident of Louisiana, whose absence was accounted for, that he had a mortgage on the property, which was known to plaintiff, as well as the fact that the heirs of one Williams were in actual possession of the property, claiming it as their own, and that neither Flower nor the Williams heirs had notice of the confirmation proceeding.

The affidavit proceeds as follows:

"Since the earlier part of April it has been impossible to survey said land on account of the high water, and that it is still impossible to survey for the same reason, and there has been no time within that time when it could have been surveyed. By a survey, when one can be made, he expects to show that section 1 is included in section 25, and section 25 was fully assessed in the year 1889 for taxes, of which the land was sold in 1890 for the full quantity of acres included in section 1 and section 25, and under said assessment was actually paid on; that in addition thereto section 1 was assessed for 96 acres really intended for section 2 here sued for, and that in this way said section 2 was doubly assessed, and was actually paid on before said tax sale under which plaintiff here claims; also, and by said survey, said defendant expects to establish the said double assessment and apply the description—all said land being in one plantation and the subject of separate ownership. That defendant was not aware of the intended departure of said Flower for Europe until he was actually gone; that he left to be gone sixty days, and defendant expects to have his deposition here at the next term of the court; that plaintiff's attorney, for

the purpose of the application, agreed on the twenty-fourth day of June last to waive the issue of a commission to take the deposition, and further agreed that the letter hereto attached as an exhibit might be evidence of his absence and the time of his intended return; that by September or October the said lands will be dry enough to have said survey made, to show that said section 1 is part of 25, and that section 25 was paid on the year it was sold for taxes under a different description, which does not appear, and cannot be made to appear, from a survey of section 2 alone; that the defendant did not learn of said double description or payment of taxes until after the water was over the land. Defendant has no other evidence by which he can prove said facts.''

A continuance was refused, and defendant excepted. Plaintiff produced in evidence a report of survey of the property in controversy, made by the county surveyor under an order of court in 1895, according to section, township, and range, containing a map or diagram of all of the fractional section in controversy (2) that had not caved into the Mississippi river. Plaintiff also introduced the final record of the confirmation proceeding, including the tax collector's deed, whereby it appeared that the land, by the description employed in the declaration, had been sold to the plaintiff in 1890 for the taxes of 1889. The defendant objected to the introduction of this record for want of conformity with statutory regulations in respect to publication of notice, and the affidavit therefor, and her objections having been overruled, she introduced a tax receipt for the taxes of 1889 on the following property in Wilkinson county:

| DIVISION OF SECTION. | Value. | S. | T. | R. |
|---|---|---|---|---|
| All 200.50 | $  100 00 | 22 | 1 | 4 W. |
| All Spanish claim 600½ | 1,200 00 | 25 | 1 | 4 W. |
| All 300⅙ | 4,800 00 | 26 | 1 | 4 W. |
| Fract. 16¼ | | 9 | 1 | 5 W. |
| In N. & W. pt. 96⅙ | 641 00 | 1 | 1 | 5 W. |

''And, 'as the bill of exceptions recites,' at the same time

offered to show by parol evidence that sections therein contained were intended to cover the land sued for, and to apply the description showing that section 1 was included by the government survey in another section, which said other section was here assessed and paid on for the full number of acres included in both sections; that section 1 would be a double assessment, but that it was intended for section here sold, and that all the said land was in one plantation, and the subject of separate ownership, and to apply by parol the said description on the assessment roll to the property here sold for taxes."

This evidence was excluded as inadmissible by the court below, and defendant excepted. No instructions were asked by either party. Verdict and judgment for plaintiff. Motion for new trial overruled, and appeal by defendant.

*H. S. Van Eaton* and *A. G. Shannon*, for the appellant.

The court below erred in overruling defendant's motion for continuance. There was no question of the want of diligence. It is submitted that the record presents no such question, and, in fact, no such question was passed on by the court in refusing the application. The affidavit showed that the testimony of the absent witness would establish the fact that the owners, as well as the mortgagee, were well known to complainant in the suit to confirm the tax title. It is submitted that if this were true, then complainant in that suit cannot be heard to say that those known owners were, in fact, parties to a suit filed and conducted to a conclusion against unknown owners. Even admitting that he could insist that his knowledge of the ownership of the land did not prevent a decree valid in a case against unknown parties by the express terms of the suit, still such a decree would be a fraud, and would render the judgment void, and it would be a good ground for collateral attack. *Plummer* v. *Plummer*, 37 Miss., 185. A void judgment can be attacked collaterally. *McComb* v. *Ellett*, 8 Smed. & M., 505; *Drysdale* v. *Biloxi Canning Co.*, 67 Miss., 539. The presumption in favor of the validity of judgments does not apply to jurisdiction, but that the

court had jurisdiction must affirmatively appear, or the judgment is void, and the record must also show affirmatively, in cases of service of publication, the circumstances justifying publication. *Foster* v. *Simmons*, 40 Miss., 586. And the laws for service by publication are strictly construed. *Kerr* v. *Bowers*, 3 Smed. & M., 641. A judgment without notice or on waiver of summons is void. *Campbell* v. *Brown*, 6 How., 114, 115; *Hemphill* v. *Hemphill*, 5 Ga., 69, 70; *Gwin* v. *McCarrol*, 1 Smed. & M., 351. Now, in this case, the affidavit for publication was utterly void, and hence the publication was void. Code, §§ 3421, 3425; *Burke* v. *Burke*, 66 Miss., 494, 495; *Waller* v. *Shannon*, 53 Miss., 500. It is confidently submitted there are no recitals in the record to cure the defect in the affidavit, even if the recital could cure it, which is denied, because the affidavit would contradict the recital, and, at least, such a recital would have to state positively that an affidavit was made. The recital that notice was published, etc., would not show authority for publication. *Foster* v. *Simmons*, 40 Miss., 586; *Claughton* v. *Black*, 24 Miss., 187; *Edwards* v. *Toomer*, 14 Smed. & M., 75; *Raiford* v. *Weems*, 68 Miss., 138. The last case being cited as instances of the particularity with which recitals must cover the exact facts.

We submit that we ought to have been treated as though no confirmation existed, because it was void, then it follows that our evidence of the payment of the taxes, etc., was admissible. Code, § 3776; *Dodds* v. *Marx*, 63 Miss., 443; *Reber* v. *Dowling*, 65 Miss., 259; *Lochte* v. *Austin*, 69 Miss., 271; *LeBlanc* v. *I. C. R. R. Co.*, 74 Miss., 650; *Gordon* v. *Kitrell*, Miss. Dec., Apr. 26, 1897, p. 6. We think we are entitled to a reversal, because (1) the application for a continuance was overruled; (2) the notice of suit to confirm the tax title was not shown to have been published at the right time by proof or recital; (3) the affidavit for publication is void, and the recitals do not cover this defect, and do not further recite that, in fact, the owners were unknown to complainant.

*Calhoon & Green*, on the same side.

It was error to exclude the tax receipt offered in evidence by defendant, and the evidence offered in connection therewith. This tax receipt, as required by § 516, code 1880, distinctly specified the land as it is described on the assessment roll. It therefore showed that there were two assessments if the land described in plaintiff's tax title was within the calls of those described in this tax receipt, and this was what the evidence was offered to show. It will be observed that the assessment, as recited in the tax receipt, was by reference to Spanish grants, and these are located thereby in certain sections, townships and ranges. In other words, the specific description is by reference to Spanish grants, and to this is added the general description of sections, townships and ranges. These lands were not surveyed according to the government surveys, and, hence, under § 490, code 1880, they were perfectly described by reference to the Spanish grants. The court judicially knows that the land described in said tax receipt as "all Spanish claim 600½ and all 300⅙ and fract. 16⅙ in N. & W. Ft. 96," are descriptions that must be applied to the actual boundaries of the lands. Defendant produced this tax receipt for these Spanish grants, and contended that these grants embraced the whole number of acres in his plantation, and that the assessment, in locating them in certain sections, was *falsa demonstratio*. *Falsa demonstratio non nocet*. Broom's Legal Maxims, 629.

Thus is presented the question whether a taxpayer who pays upon an assessment by one valid description of his whole property, can be defeated by refusing him permission, under the statutes (code 1880, § 470; Acts 1884, p. 16; code 1892, § 3746), to show, by parol evidence, an application of the land to the description in his tax receipt. This precise question was decided in *Dods* v. *Marx*, 63 Miss., 445; and see *Herring* v. *Moses*, 71 Miss., 622, for the process of applying the statute; *Richter* v. *Beaumont*, 67 Miss., 286. A survey and map

made under the authority of the United States, is not admissible to change the survey of a Spanish grant, made prior to October, 1795. *Doe* v. *King's Heirs,* 3 How. (Miss.), 125. Whatever land the Spanish grants, named in the tax receipt, call for would be paid on, however erroneously these lands may be located in said sections, because the Spanish grant survey must govern.

In the affidavit for continuance, the defendant sets out more clearly than in his offer of proof how the sections are mixed up. The land described in the Spanish grant in the tax receipt as being in section 1 is really in the grant included in section 25, and the full quantity of acres included in sections 1 and 25 was paid on under said assessment; in addition, the land described in said tax receipt as in section 1 was really in section 2, though recited in said tax receipt by false demonstration as in section 1, and the assessment of section 2, under which the sale was made, was a double assessment. In other words, it appeared by the description in the tax receipt that certain Spanish surveys governed that description, and that they were not governed by the United States survey of section, township and ranges; that the land in section 2 of United States survey, and so assessed by the assessment upon which the sale was made, was, in fact, a part of the land embraced in the Spanish grant set forth in the tax receipt. This was what parol evidence was offered to show.

*J. H. Jones,* for the appellee.

It is objected that a certain tax receipt offered in evidence by defendant was excepted to, and the exception sustained. An inspection of this receipt shows that it did not include the land in controversy, and was irrelevant. It is also sought to attack the confirmation proceeding collaterally for fraud. This defendant could not do. Defendant held through Abram Williams, whom she declares to be the owner of the land at the time it was sold, and she was therefore in privity with him, he being

the unknown owner.   A judgment is conclusive between parties and privies.   38 Miss., 476; 51 Miss., 593.   Nor can we impeach it for fraud in a collateral proceeding.   12 Am. & Eng. Enc. L., 147; 43° Am. Dec., 132; 52 *Ib.*, 105.   Moreover, this was a proceeding *in rem*, being for collection of taxes (2 Freem. on Judg., p. 1055, sec. 607; 28 Am. Dec., 678; 34 *Ib.*, 427; 91 *Ib.*, 595), and such a judgment is binding on all the world.   5 Am. & Eng. Enc. L., 385.

Even if § 3421, code of 1892, applied to a proceeding to confirm tax titles, it could not be said that the affidavit of complainants' solicitors was insufficient, when it recited that, from information obtained from Jenkins, he believed the allegations of the bill to be true.   It follows that the affidavit is a substantial denial of the knowledge of the residence on the part of affiant.   If the court holds differently, the decree granted on defective service is only voidable.   *Harrington* v. *Wofford*, 46 Miss., 31; *Christian* v. *O'Neal*, 46 Miss., 669.   The very case counsel relied on shows this (66 Miss., 4), and says the judgment was reversible, and not void.   A voidable judgment cannot be attacked collaterally.   6 Smed. & M., 179; 24 Miss., 517; 28 *Ib.*, 409.

Finally, if the confirmation proceedings are held void, appellant would not still be permitted to assail the tax title for fraud in this court.   This court has held that an assessment roll is in the nature of a judgment, and it follows that all the rules as to voidable judgments would apply, and appellant would still be forced to have the sale under the assessment set aside by a chancery court.

*McWillie & Thompson,* on the same side.

There was one paper in the confirmation proceeding which the court below could not exclude, and, the objection, being to the whole generally, of course could not prevail.   We refer to the deed of the tax collector, exhibited with the bill for confirmation.   In view of this instrument, it really becomes

immaterial whether the court admitted or excluded the other
papers in the confirmation suit, for a tax collector's deed, when
offered by a plaintiff in ejectment, certainly entitles him to a
recovery, in the absence of any evidence going to impeach its
validity. The purchase of the plaintiff having been directly
from the tax collector at a tax sale, his deed needed no support
from. a sales list, as in cases where land is struck off to the
state. This sale was made under the code of 1880, and the
deed is in the form, and has the effect, contemplated by § 525
of that code.

We are unable to see how the appellant can expect a reversal
because her application for a continuance was overruled. It is
enough to say of the application that the affidavit upon which
it was based, in so far as the testimony of the absent witness is
concerned, relates to matters that in no way tended to invali-
date the tax deed, even if they could be heard, in this suit, to
impeach the decree of confirmation, which is by no means clear.
This witness, moreover, was a nonresident of the state, and the
defendant made no effort to get his deposition until shortly be-
fore the trial, when he was beyond seas. The pretense of de-
fendant that she had had no opportunity to have a survey made
of the land in controversy because of high water shortly pre-
vious to the trial, can avail her nothing. The suit was begun
on November 5, 1895, and the continuance was not asked
until July 19, 1897, and certainly in this long period she
might have had any number of surveys made. Moreover,
there was an impartial survey made by the county surveyor,
the correctness of which is not assailed so far as we have been
able to discover. But the survey, it seems, was only desired
for the purpose of enabling defendant, with the aid of parol
evidence, to show that section 1 and section 25 were paid on in
1889, and that section 1 was assessed for ninety-six acres really
intended for section 2—the land in controversy. The court
could not have received this evidence. Here was an effort to
prove that a particular section numbered one, and containing a

larger area, was intended for a section numbered two, containing 47.23 acres. That these two sections, having different numbers and different areas, both appeared on the assessment roll is not denied. The plaintiff's deed shows that section 2 was assessed and sold as delinquent. It did not appear in the receipt of defendant because not paid on. Defendant was not entitled to show by parol that section 1 " was intended for section 2," there being nothing in the tax receipt that warrants the imputing to section 2 of a payment on section 1. In connection with but one section (25) is a Spanish grant mentioned in the tax receipt, and nowhere is a Spanish grant mentioned in the parol evidence offered in connection with the receipt. The case of *Dodds* v. *Marx*, 63 Miss., 443, relied on by appellant, has no application to the facts disclosed, for a sale of section 1 under the assessment of that section would not have been a valid sale of fractional section 2. There were not two assessments of the same land, each sufficient to support a sale. On the contrary, two wholly distinct tracts of land, differentiated by government survey and separately assessed, are claimed to have been the same in fact. A tax receipt, which under the law is required to show the land upon which payment is made, and for which no evidence can be substituted, cannot be contradicted by parol nor enlarged by construction. Code 1880, § 516; code 1892, § 3807; *Edmondson* v. *Ingram*, 68 Miss., 32. But aside from all this, the defendant did not show such diligence as to justify the conclusion that the court below, in refusing the continuance, abused the discretion with which it was invested.

Argued orally by *Marcellus Green*, for the appellant, and by *T. A. Mc Willie*, for the appellee.

WHITFIELD, J., delivered the opinion of the court.

Looking to the parol proof offered to be made at the trial and in the application for continuance, we think it clear that the tax receipt and the parol proof should have been received.

It is clear that the offer was to show that the land in the tax deed described by government survey as in section 2 was also embraced in the Spanish claim description in the tax receipt and on the assessment roll, and hence was doubly assessed, and that this same land, the subject of separate ownership, so doubly assessed, was not actually delinquent, but had been paid on. If appellant could show this, the tax sale was void. These lands would appear to have been surveyed as Spanish grants, and were not governed by the United States surveys of section, township and range originally. This would certainly be so, and the survey made at the instance of the plaintiff in this case incompetent evidence, even if the Spanish grant and survey thereunder were made prior to October, 1795. *Doe* v. *King's heirs*, 3 How., 125. And the Spanish survey presumably preceded the Spanish grant, and the Spanish grant must have been made prior to act of 1795, while Spain claimed authority to grant. At all events, it is clear from the record that the appellant's tax receipt, following the assessment roll, showed a Spanish grant description, as well as a government description, and that the parol evidence was offered to show that the same identical land set out in the tax deed as being in section 2, and so assessed, was assessed also by the Spanish grant description, and, hence, doubly assessed, and that it had been paid on for all the taxes due under that description, under which the appellant had originally claimed. The clue was thus furnished by the assessment roll, which parol proof would have applied to the land, and the tax sale would be void. *Richter* v. *Beaumont*, 67 Miss., 286, is directly in point. See, also, *Dodds* v. *Marx*, 63 Miss., 445, and § 490, code of 1880.

It inevitably follows that the survey made at the instance of the appellee would shed no light on the issue, for all the land called for by the Spanish grant in the tax receipt and on the assessment roll would thus be paid on, no matter where the government survey might have put it, and no matter, of course, how erroneously that survey might locate it.

It may also be added that if appellee knew, when he filed his bill to confirm against alleged unknown owners, that the heirs of Abram Williams were the owners of the land, claiming and occupying it, in the very county in which he lived and the land lay, and gave them no notice, his confirmation proceedings would be void for fraud. And this also appellee asked to be permitted to show, seeking a continuance to do so, which should have been granted under the circumstances of this case.

*The judgment is reversed, the verdict set aside and the cause remanded.*