WILLIAM F. BOONE *v.* FRANK P. DULION.

1. TAX DEEDS. *Equity. Reformation.*

    A tax collector's deed cannot be reformed in equity.

2. SAME. *Description. Must be valid as of date of the assessment.*

    Where a tract of land in a certain township and range, as assessed for taxes, is not otherwise described than as bounded by lands owned by certain individuals, the assessment is void if, when it was made, the individuals mentioned owned no lands to which the description could be applied, although prior to the assessment they had owned such lands.

FROM the chancery court of Harrison county.

HON. STONE DEVOURS, Chancellor.

Boone, appellant, was complainant in the court below; Dulion, appellee, was defendant there. The object of the suit, avowedly, was to confirm a tax title. The lands were assessed as in a certain township and range, and as bounded by lands owned by designated individuals; this description is shown to have been accurate some three years before the assessment was made, but thereafter and before the assessment, several of the individuals named had sold their lands to other persons, and owned none to which the description could be applied at the date of the assessment. Without such application the lands were not sufficiently described.

*Harper & Harper,* for appellant.

In the face of the decision of this court in the case of *Lochte* v. *Austin,* 69 Miss., 271, it is idle to say the tax title contains a patent ambiguity.

This appellant does not seek to have the description in the tax deed amended for the very good reason that it is well described. No description can do more than describe a piece of property so that a surveyor can lay it off with certainty, and the law requires no more.

The tax assessor is not required to change his assessment roll whenever a piece of property is transferred. There is no such law, and if there were the law would be impracticable, it could only result in confusion, errors, and endless litigation. Can it be that a new assessment will be bad which is in the exact words of an old one which was good?

*Ford & White,* for appellee.

Parol testimony has frequently been admitted to identify boundaries given, as in the case of *Lochte* v. *Austin,* 69 Miss., 271, where it was shown that there was no other Lameuse and Washington streets in township 7, range 9, except those in the

city of Biloxi, but we submit that parol testimony has never been admitted to vary a description or boundary given in a tax deed; but, on the other hand, it has frequently been decided that the clue must be taken from the assessment roll, and that it must be followed, not varied, corrected or changed, and that the lot assessed and sold, and not the lot intended to be assessed and sold, must be identified. *Dodds* v. *Marks,* 63 Miss., 443; *Sims* v. *Warren,* 68 Miss., 447; *McQueen* v. *Bush,* 76 Miss., 283; *Bowers* v. *Andrews,* 52 Miss., 604.

It is true that appellant shows that the lot sued for was once the property of Joe Fayard, but he shows that Joe Fayard parted with the title August 9, 1892, nearly four years before the sale, and while he shows that Thompson once owned the lot south of the lot sued for, he also shows that Thompson parted with his title before the assessment and three years before the tax sale. So it will seem that although the lot sued for might at one time have been properly described as bounded on the south by the property of Thompson, yet at the time of the sale it was not bounded on the south by the property of Thompson, while it has never been bounded on the west by the land of Thompson, but has always been bounded west by Fayard street.

But suppose we admit for the sake of argument that the tax collector was trying to sell the lot sued for, then his deed would be void. If it is contended that when he described the lot as bounded south by Thompson that he meant bounded south by land formerly belonging to Thompson, it might mean bounded south by the land sold by Thompson to Cary, or bounded south by land sold by Thompson to the railroad company, and in fact as Thompson once owned the entire strip of land of which the lot sued for is a part, including the Bradford lot, and the lot sued for, and extending about one-half mile south of the lot sued for, a lot described in the deed as extending south from Bradford's lot to the land formerly owned by Thompson, might measure one inch, one foot, or any distance less than one-half mile north and south, and conform

to the description in the deed. But no one can say whether south by Thompson means south by land formerly owned by Thompson or by lot now owned and occupied as a residence by another Thompson a hundred yards south of the lot sued for.

It is readily seen that even if it was competent to reform the boundaries as given in the tax deed, still it would be impossible to locate the boundary, and it would be impossible to say that the lot measured seventy-five feet or any other distance from north or south.

If it is competent to correct two of the boundaries in a tax deed, it is competent to correct three, and if three, then four; but an unbroken line of decisions holding that a tax deed cannot be reformed, renders it unnecessary to further discuss this question, so we submit that the demurrer should have been sustained on appellant's bill in the outset, and that the final decree dismissing appellant's bill should be affirmed.

CALHOON, J., delivered the opinion of the court.

The bill in this case, purporting to be one to confim a tax title, is, in effect, one to reform a tax collector's conveyance to make it conform to a description which did not exist at the date of the assessment or conveyance, or for several years before either. This is never allowable. The tax collector's conveyance is void unless it conforms to the assessment, of course; and both are void unless the sheriff or a surveyor could determine exactly what and where the land is as the boundaries were at the time of the assessment, notwithstanding he might be able to do so if he should apply them to what was a correct description three or four years before the assessment. In this case, if he went to find "one lot south and west by Thompson, east by Voivedich, north by Bradford, township 7, range 9," he would search in vain. But complainant wants the court to decreee that he go to the land which he describes in his bill according to the calls of private conveyances made before the assessment, and which he avers to be the same land, as "one

lot bounded on the south by the property of T. P. Dulion, on the east by the property of Frank Voivedich, on the west by Fayard street, and on the north by the property of Bradford, having a front on Fayard street of seventy-five feet, running back east between parallel line seventy-eight feet." This cannot be, and also be in conformity with legal principles pertaining to tax titles.

*Affirmed.*