EMMA CRAWFORD *v.* WILLIAM K. McLAURIN.

1. TAXATION. *Assessment. Duty of taxpayer. Description of land.*

   It is the duty of a taxpayer to render his land for assessment by a correct description, and when he fails to list his land under a description sufficiently definite to identify it, or to pay the tax imposed, he must bear the consequences which legally follow.

2. SAME. *Duty of assessor.*

   If a taxpayer renders to the assessor a list of lands so defectively described as not to identify it, the assessor does not violate his duty by assessing the land under an accurate description, although it be assessed to an unknown owner.

3. SAME. *Code* 1892, § 3776. *Parol evidence. Assessment. Tax deed.*

   Parol evidence is not admissible to show that the description, "Lot 6, Collier's Estate, section 37, township 17, range 4 east, 13 acres" on an assessment roll includes "all of fractional section 39, township 16, range 4 east, 20 acres," under Code 1892, § 3776, providing that parol evidence shall be admissible to apply a description of land on an assessment roll or in a conveyance for taxes, where it will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony.

4. SAME. *Code* 1892, § 3775.

   A sale of land for taxes under the description on the assessment roll: "Owner's name, unknown; division of section, 39; township, 16; range, 4 east; 20 acres" is not invalidated by the fact that the original owner caused his land to be assessed as "Lot 6, Collier's Estate, sec. 37, township 17, range 4 east, 13 acres," and paid the taxes on such assessment; the case is not within any of the saving clauses of Code 1892, § 3775, providing that a failure to observe the requirements of the preceding section relating to the assessment of land shall not vitiate any assessment if the land be so described as to be identified, and that it shall be a sufficient identification to describe it as the land of the person owning or claiming it, occupied by ————, or that part of a section or other known division designated,

owned, or claimed by ————, or by the name by which the land is known, or by any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended.

FROM the chancery court of Warren county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

McLaurin, appellee, was complainant, and Mrs. Crawford, appellant, was defendant in the court below. From a decree in complainant's favor confirming his tax title defendant appealed to the supreme court, and complainant prosecuted a cross-appeal from the decree in so far as it denied him compensation for the use and occupation of the land in controversy. The opinion of the court fully states the case.

*Dabney & McCabe* and *E. J. McCabe,* for appellant.

While § 1906, Code 1892, provides that a conveyance made by a tax collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be *prima facie* evidence that the assessment and sale of the land were legal and valid, § 3817 provides that the sale may be invalidated if it can be shown that the taxes for which the land was sold had been paid before the day of sale. Under this section, the question is whether the lands sold had been paid on before the day of sale.

Section 3774, Code 1892, provides how assessments are to be made. Among other things, it says that the assessor shall assess the land by section, township, and range, and then goes on and provides minutely at what part of the section he shall commence and where he shall wind up with his assessment, etc. But the very next section, § 3775, makes all the requirements of § 3774 directory, and provides that a failure to observe such requirements shall not vitiate any assessment if the land be so described as to be identified. By this section, it is sufficient identification of land to describe it as the land of ———— (the person owning or claiming it) or the land occupied by ————; or that part

of a section or lot owned or claimed by ———; or the lot on which·——— resides; or the lot occupied by ———, or by the name by which it may be known, or by any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended. From this section we gather that the citizen is not called upon to assess his land by section, township, and range, or in any other particular way. He may assess it by any name by which it is known, or by any designation by which it may be identified, and if he does this, he has done all that the law requires of him.

By § 3776, Code 1892, it is provided that parol testimony shall always be admissible to apply a description of land on the assessment roll, and in a conveyance for taxes, where such testimony will show what land was assessed and sold and there is in the description on the roll or in the conveyance to be applied to a particular tract of land by the aid of such testimony. In the assessment of lands, it is frequently impossible to describe them accurately by a short description. It is frequently the case, that the description in deeds will run over half a page or more. In such cases a full description cannot be given in assessing them. Our assessment rolls, which are made up by the state, do not provide for lengthy descriptions in assessing lands. Owing to the length of the description in many cases, and the manner in which the roll is gotten up, the citizen and the assessor are forced to the necessity of designating or assessing their lands by some short description, which would be imperfect in a deed or mortgage. For the purpose of identifying such lands, § 3776 was enacted. By this section parol evidence is admissible to amplify and enlarge the short description which has been used upon the roll, and to make that certain which was before uncertain, and when that can be done by parol evidence the assessment is of course legal and valid, upon the principle *id certum est quod certum redi potest.*

As might be expected, these several statutory enactments to which we have referred, have been construed time and time again by this court. Among the decisions construing these sections we

have found three cases in which the defense of a double assessment was presented, and in each of these cases the defense was sustained. The first of these is the case of *Dodds* v. *Marx,* 63 Miss., 443; *Trager* v. *Jenkins,* 75 Miss., 676; *Perrett* v. *Borries,* 78 Miss., 934. It is not necessary for us to quote from these cases, as this court will read them for itself. We have no fault to find with any of them, except perhaps the case of *Dodds* v. *Marx,* where it was held that the two assessments must each be sufficient to support a sale by the tax collector for the taxes due thereon before the owner can set up the one paid on as a defense against the confirmation of a tax title based upon the other, not paid on.

This seems like harsh law to be applied to the plain common people of the country, who know nothing about the niceties of description as applied to deeds, deeds of trust and assessments, especially when they have honestly tried to assess and pay the taxes on their lands.

The land in appellee's deed, being section 39, township 16, range 4 east, was assessed for the year 1892 under another and a different description, and paid on before the day of sale. On the land assessment roll of the county for 1892 appears the following assessment: "Owner's name, Frank Toney; division of section, lots 4, 5 and 6, Collier estate, section 37, township 17, range 4 east." The taxes on this assessment were duly paid. Lots 4, 5, and 6 of the Collier Estate embrace, as is fully shown by the evidence, the land in appellees deed.

*McLaurin, Armistead & Brien,* for appellee.

By § 3774, Code 1892, the law lays down the mode by which assessors shall make up their assessment rolls of the lands of their counties, and it speciallly provides that they "shall proceed numerically with all the sections, townships, and ranges in his county."

Section 3775 provides that lands may be assessed by a sufficient identification by occupancy, section or subdivision or by resi-

dence or by any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended.

Section 3776 provides for the introduction of parol testimony "to apply to the description of land on the assessment roll or in the conveyance for taxes where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to the particular tract of land by the aid of such testimony."

Section 3781 provides that the assessor shall not be allowed compensation unless the assessment roll shows an assessment of every acre of land in his county, and provides that the board of supervisors shall compare the assessment roll with the township maps of the county for the enforcement of this provision.

It therefore became the duty of the assessor in making the assessment of this land for the year 1892, and it was proper that he should do so, to assess fractional section 39-16-4 as one of the sections of his county, without which he would not have been entitled to compensation, and as it was assessed to unknown, we take it he did not know who claimed to own this part of the land of the county.

The assessment roll of 1892 introduced in evidence by the appellant, showing Frank Toney assessed with lots 4, 5 and 6 of the Collier estate in 37-17-4 east does not in the slightest degree show the same lands as described in complainant's deed from the state.

But appellant contend that by resort to parol evidence as provided for in § 3776 of the code, they have a right to show that this description on the land roll of 1892 can be made to apply to fractional section 39-16-4 by reference to the plat in a certain partition suit between Miller and Collier, which plat appears in the record, and to do this they introduced parol testimony. This testimony was wholly incompetent from every standpoint to designate the lands assessed to Frank Toney as being the same lands in complainant's deed. *Bowers* v. *Andrews,* 52 Miss., 596 ;

'Dodd v. Marx, 63 Miss., 443; Sims v. Warren, 68 Miss., 452; Bush v. McQueen, 76 Miss., 283; Perrett v. Borries, 78 Miss., 934; Trager v. Jenkins, 75 Miss., 676; Brooks v. Shelton, 47 Miss., 243.

TRULY, J., delivered the opinion of the court.

On March 6, 1893, for nonpayment of the taxes of 1892, "all of fractional section 39, township 16, range 4 east, 20 acres," in Warren county, assessed to "unknown" owners, was by the tax collector of said county struck off to the state. On October 4, 1901, this land was, for the sum of $200, conveyed by the state to appellee. On 29th of March, 1902, appellee filed his bill in the chancery court praying the confirmation of his title. To this bill appellant, who was in possession of the land, and all other persons claiming an interest in said land, were duly cited to appear and defend. Said bill of complaint also prayed for a personal decree of $100 against appellant for the use and occupation of said land from the date of the deed from the state. Appellant, in her answer, admitted the forfeiture of the land described to the state, admitted the purchase from the state by appellee; but denied that he acquired any title to the land by the purchase, because, she averred, there was no delinquent tax due on said land for the year 1892, for the reason that the taxes due on said land had been paid by Frank Toney (appellant's testator), being included in the following assessment, upon which all taxes had been duly paid, to wit, "Toney, Frank. Lots 4, 5, 6, Collier estate, section 37, township 17, range 4 east," which was identical in point of fact with fractional section 39, wherefore the assessment under which the state claimed was double and erroneous, and the sale thereunder conveyed no title. Upon the trial appellant offered parol testimony under § 3776, Code 1892, to show that the description in the Toney assessment could be applied to the land in controversy. The testimony in substance was as follows: That under the final decree in a suit for partition in the chancery court of Warren county styled "Miller v. Collier,"

dated 9th December, 1885, lots 4, 5, 6 of the lands therein partitioned were allotted to Frank Toney, appellant's testator; that a plat was made of said lands, marked "Map of Miller and Collier Estate," and this plat was recorded in Minute Book No. 4, page 515, of the records of the chancery court; that said map included the land described in appellee's deed, and there was no other "Miller and Collier Estate" in Warren county, so far as any of the witnesses knew or the record showed; that "lot 6 of the Miller and Collier Estate" was as to some of its boundary lines identical with fractional section 39, township 16, range 4 east, but the fractional section was larger than said "lot 6" by several acres, but that all of said fractional section and other land was included within the lines of "lots 5 and 6" as they were indicated on the "Map of the Miller and Collier Estate;" that lot 6, as shown on the plat in question, is located in township 16, range 4 east. Appellant admitted that she was in possession of the land described in deed from the state to appellee, and that $50 would be a reasonable sum for use and occupation of the same, but denied that appellee was entitled to the possession of the land, or that he could recover for use and occupation in the present suit. Upon final hearing, decree was rendered confirming appellee's title to the land claimed, but denying him any compensation for use and occupation thereof. Mrs. Crawford appeals, and McLauren prosecutes a cross-appeal because he was refused compensation for the use and occupation of the land.

It is conceded that under § 1806, Code 1892, and the construction placed thereon by this court, appellee, by his evidence, made out a *prima facie* case entitling him to a confirmation of his title to the land described in his conveyance, to wit, "Fractional section 39, township 16, range 4 east, 20 acres," and under § 3817, *Id.*, the conveyance to him cannot be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale. If the two descriptinons, from their wording, show that they refer to the same tract, the question is, of

course, free from difficulty, for the owner who pays the taxes due on his land under a valid and sufficient description is protected from a sale under another and double assessment, erroneously entered on the tax roll. And this rule is not only just, but necessary for the protection of taxpayers generally; otherwise there would be no protection against sales made under double assessments erroneously or designedly entered on the tax roll, and endless confusion and litigation would arise. The law requires of the taxpayer that he shall list his land for assessment correctly described and fairly valued. When this has been done, and he has paid the tax imposed, no duty requires him to search the assessment roll to see if his land is doubly assessed. Having discharged his own duty as a citizen and taxpayer, he is protected against loss from the error of the assessor in making a double assessment, or from the act of the tax collector in selling his land. But, should the landowner fail to comply with the terms of the law, either by listing his lands under a description so vague, imperfect, or erroneous as not to identify them with some degree of certainty, or by failing to pay the tax imposed, then, the fault being his own, he must suffer the loss rendered possible by his own carelessness in the event the assessor, in the discharge of his duty, assesses, as required by law, the land under an accurate description to unknown owners, should the land afterward be sold to an individual or forfeited to the state for nonpayment of taxes. And this rule also is based upon just and substantial reasons. It prevents the taxpayer from evading payment of his taxes by willfully and deliberately assessing his land under a description so faulty and inaccurate that no title would pass even if sold for nonpayment of taxes. It insures that the state will receive a just proportion of tax from every acre of land. It protects those who deal with the state, and encourages the purchase of land held by the state for nonpayment of taxes, thereby increasing the revenue of the state, and proportionately decreasing the burden of taxation upon the citizen. It is part of the legislative history of the state that at one period so large was

the list of lands held by the state for nonpayment of taxes under insufficient descriptions too vague to vest title in state or subsequent purchaser that an act was passed directing all such lands to be stricken off the state roll and reassessed for taxation in proper counties. The provisions above referred to are intended to prevent a recurrence of this calamitous condition.

A statement of the difference in the wording of the two descriptions under consideration herein will suffice to show that, whatever be the fact, they do not in terms refer to the same tract of land. The land described in the deed to appellee is "section 39, township 16, range 4 east," while the description under which appellant defends is "lot 6, Collier estate, section 37, township 17, range 4 east," in a different section of a different township. These two descriptions differed so widely and so materially as in no way to disclose that they were intended to describe the identical tract. In the absence, therefore, of any notice, it became the duty of the tax collector to sell the land, as he did, for nonpayment of taxes, and this sale vested indefeasible title in the state, unless appellant can defeat the sale by proving by parol testimony under the rule prescribed by § 3776, that the taxes were in truth paid on the land conveyed by deed from the state to appellee before the sale thereof by the tax collector. The exact language used in § 3776 in this connection is: "Parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes when such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony." Assuming as a matter of fact that both assessments under consideration were intended to be of the identical tract of land conveyed by the deed from the state, and assuming further that parol testimony would prove this identity, the special inquiry presented by this record is: "Is there enough in the description on the roll to be applied to a particular tract of land by the aid of such testimony?" This provision of our statute law has been the subject of repeated adjudi-

83 Miss.—18

cations by this court, and we will briefly review them, and in the light which they shed upon the subject seek the true rule of construction, and then make an application of that rule to the facts of the instant case. It is settled law in this state that a bill to reform and correct a tax title is not maintainable, and the soundness of this doctrine no longer admits of doubt or discussion. It is equally as true and well settled, and the reason supporting the rule equally as sound, that one cannot under any guise reform or correct the laguage and descriptive terms used in an assessment for taxes so as to affect the vested rights of another. Parol testimony can be invoked to aid in ascertaining to which of several tracts the descriptive terms employed were meant to apply when the terms are equally applicable to each, but the terms used cannot be reformed, corrected, or changed so as to make them include a tract not referred to in the terms originally employed. The rule is stated in *Dodds* v. *Marx,* 63 Miss., 443 : "The landowner must be protected by payment of the taxes under an assessment sufficient to uphold a sale of the land for taxes if payment was not made. If there are two assessments of his land, each sufficient, if it were only one, to support a sale, and he pays under either, a sale under the other is unlawful." And after stating the statutory rule as to the admissibility of parol testimony to apply the description in the assessment to a particular tract, Campbell, J., proceeds : "The roll must furnish the clue which, when followed by the aid of parol testimony, conducts certainly to the land intended. It is admissible only to apply the description on the roll, which must give the start and suggest the course, which, being followed, will point out the land intended to be assessed." And in that case the landowner was protected against a sale when he paid his taxes on town lots under an assessment correctly describing the property by number of lot, section, township, and range, but in which the number of the square was omitted, and parol testimony was admitted to show the number of the square and the portion of the lot. So, in *Trager* v. *Jenkins,* 75 Miss., 676, 23 South., 424, it was held that the owner could invoke the

aid of parol testimony to show that his assessment of lands as Spanish claims in certain sections included the land in controversy, which was, by a later United States survey, described as being in a different section. It will be noted in these cases the "starting point" was furnished by the description on the tax roll, and the "clue" was found in some term of an accepted legal definition as "section" and "township," or "lot and square," or the name of streets, found either in a record of governmental survey or in a municipal survey and plat. "An insufficient description of land on the assessment roll cannot be aided by extrinsic evidence unless the roll itself furnishes the clue, which, followed by the aid of such evidence, will lead to the land intended." *Sims* v. *Warren,* 68 Miss., 452, 10 South., 40; *I. C. R. R.* v. *Baldwin,* 77 Miss., 788, 28 South., 948; *Nelson* v. *Abernathy,* 74 Miss., 164, 21 South., 150. In *McQueen* v. *Bush,* 76 Miss., 283, 24 South., 196, this court decided that when the description on an assessment roll erroneously located the land in a stated section, this was an insurmountable difficulty, which could not be overcome by treating this portion of the description as mere surplusage. The last utterance of our court on this point is in *Boone* v. *Dulion,* 80 Miss., 584, 32 South., 1, which is to the effect that a description locating the land correctly as to township and range is still fatally defective when the boundaries as to abutting owners are erroneous, and the court holds that the land cannot be located or identified by reference to the calls of private conveyances made before the assessment.

It should be premised that the rights of the landowner are governed by the description on the assessment roll. No matter how honest is his intention in listing his property for purpose of taxation, or how sincere his belief that he has paid the taxes on his own land, this will not defeat a sale under a valid assessment, when he has paid the taxes under a description so erroneous as to be beyond the power of remedy by parol testimony. It needs no argument in the instant case to demonstrate that the assessment under which Toney paid his taxes for 1892 contains no descrip-

tion in terms of the land claimed by the appellee, and an unbroken line of decisions in this state would defeat any effort to uphold a sale under this description. If the converse of the rule announced in *Dodds* v. *Marx, supra,* be true, this would seem to be decisive of appellee's rights. But we do not base our opinion on that ground. The case cited only expressly decided that the owner would be protected when he paid under a description sufficiently definite to maintain a sale. We give hearty indorsement to this statement of the rule, but we are not prepared to say that there might not arise exceptional cases where the owner would be protected, even though the description under which he paid would not in itself support a sale, if made thereunder. Under the rule of construction announced in the *Dodds* v. *Marx Case* before quoted, and uniformly adhered to, can parol testimony, made admissible under § 3776, make the description in the assessment to Toney apply to the tract forfeited to the state, and now claimed by appellee? If so, the conveyance to the state and appellee's claim thereunder will be defeated, if not, appellee's title must be confirmed, without reference to the intention, understanding, or good faith of the testator of appellant in making the assessment. We repeat the two descriptions: Appellee purchased "all fractional section 39, township 16, 20 acres." Appellant claims under this description: "Lot 6, Collier estate, section 37, township 17." Can the latter be shown, under recognized rules of construction by parol testimony, to include the former? "The roll must furnish the clue"—must give the start, and suggest the course—and parol testimony is admissible only to apply the description found on the roll. Appellant says the "clue" is found in "Lot 6, Collier estate." But here we are met by the statement of this court in *Boone* v. *Dulion, supra,* that references cannot be had to the "calls of private conveyances made before the assessment." And yet the clue furnished by the words, "Lot 6, Collier estate," is simply a reference to a plat of a private survey filed as an exhibit to a decree dividing lands between individuals; not a map of a public survey authorized by

state or county of sections, townships, or ranges, or legal subdivisions thereof; not a plat of town lots, made under the authority of or recognized by a municipality. Ignoring this difficulty, we accept "lot 6, Collier estate," as a starting point, and in our search for the land intended to be assessed we follow the course suggested by the roll until we reach section 37, whereas the land we are seeking is in section 39. This places another legal obstacle in our path. In *McQueen* v. *Bush, supra,* it is said that this difficulty is insurmountable, and cannot be met by treating the location in a given section as a mere surplusage, for the reference to the section is an essential part of the description. Were we to ignore this legal difficulty also, it would advance us but little, for the next descriptive term which the rule furnishes for our guidance is township 17, and this must also be rejected as being incorrect, the land in question being in a different township. Turning now to a consideration of the acreage given by the roll, and comparing it with the plat of lot 6, still another discrepancy is discovered—the plat showing only 13 acres, while the roll describes the tract as containing 20 acres. It has thus become apparent that, in order to apply the description in the assessment to Toney to the particular tract in controversy, it is necessary, first, by a process of exclusion, to strike from the roll all reference to section, township, and acreage. Even if this were permissible under the principles of law governing the consideration of tax titles, it would not avail the appellant; for regarding the reference to section, township,, and acreage as mere surplusage, and rejecting it as such, this description would alone remain: "Lot 6, Collier estate, section —, township —, acreage —." Contrast this with the description considered in *McQueen* v. *Bush, supra*: In that case the roll gave township and range correctly, located the lot on a given side of a designated public thoroughfare of the county, and gave the exact size of the lot assessed, and yet that description was condemned as being too indefinite to be applied by the aid of parol testimony. In the instant case, having eliminated all erroneous references, nothing is left to serve as a

description save an inaccurate reference to a private plat of an unofficial survey. The application of the doctrine of *"falsa demonstratio non nocet"* to the case at bar is argued with marked force and plausibility. But the difficulty with appellant's case is that, granting all of which she contends, rejecting as superfluous every erroneous term, and extending the maxim quoted to its limit, sufficient descriptive terms are not left to properly identify the land. "The test must always be whether, after the rejection of the erroneous description, enough remains to properly identify the thing conveyed or referred to." *Pegram* v. *Newman,* 54 Miss., 612. Disregarding the erroneous references on the roll, the description which remains "furnishes no clue," "gives no start," "suggests no course," which can possibly conduct to the particular tract in question. To sustain the contention of appellant upon the facts of this record, it would not only be necessary to completely reform, by a process of elimination, the description on the roll, but this being done, to construct another description which would apply to the land in question, and this could only be accomplished by getting the clue from the pleadings in the case, and then following the course suggested by the calls of private conveyances—a feat of judicial legislation forbidden by the principles of law governing the questions here under discussion.

There is no merit in the contention of appellee upon cross-appeal.

*Affirmed upon direct and cross-appeal.*

### SUGGESTION OF ERROR.

*Dabney & McCabe,* for appellant, after the delivery of the foregoing opinion, filed a suggestion of error, reviewing the record and making the following points:

"The land rolls of Warren county for the year 1892 contained two assessments, reading substantially as follows: Assessment No. 1. 'Owner's name, Frank Toney; division of section, lots 4, 5 and 6 of the Collier estate; section 37; township 17; range

4 east; total acreage, 55 acres.' Assessment No. 2. 'Owner's name, unknown; division of section 39; township 16; range 4 east; 20 acres.' The first of these assessments was paid on in due time. The other was not paid on, and the land described therein was sold to the state, and then to appellee. Section 3774, Code 1892, says that the assessor shall assess lands by sections, townhips, and ranges; but this is directory only, because the very next section (3775) provides that a failure to observe such requirements shall not vitiate any assessment, if the land be so described as to be identified, and gives seven illustrations as to what shall constitute a good assessment. Every assessment there suggested is defective, in that it is uncertain on its face as to what land is intended; and yet they are all good, under the statute, upon the principle of the maxim, '*Id certum est quod certum reddi potest,*' and section 3776 provides the means or way by which they may be rendered certain. This section means that any assessment is good and valid in law where the land as described on the roll can be identified by any kind of competent testimony. Whatever may have been the law applicable to assessments prior to the enactment of section 3776, it was the manifest purpose and intention of that statute to put assessments upon the same footing with contracts for the sale of lands, deeds, mortages, deeds of trust, leases, wills, and other devises of land, and to render them alike certain, where otherwise uncertain, by the application of parol testimony. There is no reason why the maxim, '*Falsa demonstratio non nocet,*' might not be applied as well to tax assessments as to any other cases enumerated above. *Waterloo* v. *Cull,* 1 Ell. & E., 212-224; *Marsh* v. *Nelson,* 101 Pa., 51; *Gilman* v. *Riopelle,* 18 Mich., 145; *French* v. *Patterson,* 61 Me., 203."

TRULY, J., delivered the opinion of the court in response to the suggestion of error.

The assessment here under review does not come within any of the saving clauses of § 3775, Code 1892, nor does it give ·

"any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended." Parol testimony is admissible to supply an omission or to apply to given description, but § 3775 does not in any way relax or vary the rule requiring that the assessment roll must furnish a description which can be applied to the particular tract. No argument can disguise the fact that this is not a case where the aid of parol testimony is invoked to supply an omission from a clue furnished by the description on the roll, or to extend the description there given by any course thereby suggested. We are asked to first practically wipe out the description given, and then from the "fragments which remain" construct another and different description. We are not only asked to reject the section, township and acreage stated, but to insert a different section, township and acreage. By this bold process of rejecting the terms which do not apply, and then inserting terms which do, any description could be made to cover any specified tract.

*Suggestion overruled.*