NEAL *et al. v.* SHEPARD *et al.*

(Division B. May 5, 1930. Suggestion of Error Overruled June 9, 1930.)

[128 So. 69. No. 28654.]

H. B. Everitt, of Pascagoula, and M. A. Pilgrim, of Jackson, for appellant.

Ford, White, Graham & Gautier, of Pascagoula, for appellees.

Argued orally by **M. A. Pilgrim,** for appellant, and by H. **W. Gautier,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

A short distance west of the mouth of the Pascagoula river in Jackson county is situated what has been known for nearly one hundred years as the McRae place. The property has been in the ownership and possession of the family and their descendants for all those years, but apparently they have left the matter of assessments and tax payments largely to agents. At this locality the township maps of the government surveys have been cut into several varying and irregular descriptions founded upon the claims of original settlers, and the McRae property at the dates hereinafter mentioned embraced in whole or in part as many as six of these irregular claim surveys, to-wit: Part of the Helen Moro claim, section 9;

part of the Isabella Glaude claim, section 3; all the Anthony Campbell claim, section 4, south of the railroad —the foregoing descriptions being in township 8 S., range 6 W. And all the Anthony Campbell claim, section 1, south of railroad; all the A. Moro claim, section 11; and part of the J. B. Beaudreaux claim, section 12—the latter three descriptions being in township 8 S., range 7 W. The residence was situated on the A. Moro claim, section 11, township 8 S., range 7 W., and the cultivated fields around the residence extended beyond, into both the Anthony Campbell claims and also into the Beaudreaux claim.

On the land assessment roll for the years 1906 and 1907 the said McRae residence property was assessed as follows: "Res & Land McRae Plce in Campbell Confirmation Sec 6, T. 8 R 6." On this assessment the taxes were duly paid for said years. But on the said roll for said years a part of the lands claimed by appellees as aforesaid was assessed as follows: "Unknown, Anthony Campbell Tct. Sec. 1 T. 8 R 7." And no payment of taxes having been made under this specific description, the same was sold to the state for the taxes both of the years 1906 and 1907; and the period of redemption having expired, the state patented the same to appellants. The question for determination is whether appellants obtained a valid title to said Anthony Campbell claim, section 1, township 8 S., range 7 W., under said tax sales for said years or for either of them.

It is the main contention of appellees that the assessment "Res. & Lands McRae Place in Campbell Confirmation Sec. 6, T. 8 R. 6," must, because of the words "Res & Lands McRae Place in Campbell Confirmation," be held to include also the lands of Campbell claim, section 1, township 8 S., range 7 W., although in a different section and range. The first difficulty in that suggestion is that the McRae residence is not in either of the Campbell confirmations, but is in the A. Moro claim, section 11, as

already stated. The second difficulty is that the assessment under which appellees paid contains no statement of acreage, so as to put any person or officer on notice that more than the land in the particular governmental description contained in the assessment was meant; but the greatest difficulty is that to sustain the contention of appellees both the cases McQueen v. Bush, 76 Miss. 283, 24 So. 196, and Crawford v. McLaurin, 83 Miss. 265, 35 So. 209, 210, 949, would have to be overruled, which, of course, cannot be done. Nor can we add anything to the clarity of the opinions in those cases. The manifest effect of them is that a tax assessment cannot be reformed, and that the specific descriptions therein by sections, townships, and ranges of the government surveys and maps cannot be eliminated as surplusage or otherwise disregarded; that land assessed in a given section, township, and range cannot be transferred by parol into another section, township, and range. And that is exactly what it is proposed by appellees to do here. It is proposed to so extend or in part transfer the assessment of the Anthony Campbell claim in township 8, range 6, that it shall cover also the Anthony Campbell claim, section 1, township 8, range 7, the descriptions being not only in different sections but in different ranges. The Anthony Campbell claim, section 4, township 8 S., range 6 W., and the Anthony Campbell claim, section 1, township 8 S., range 7 W., although they adjoin, are each separately platted and shown on the government maps of said respective townships, and so far as their legal descriptions and their separate entities are concerned, they are as distinct, each from the other, as if they did not adjoin. They are as distinct and separate in point of law as would be the Northwest quarter of section 6 and the Northeast quarter of section 1 in adjoining townships and ranges in a survey and plat of regular townships surveys.

It is next contended, however, that the agent of appellees made a due and sufficient tender of the taxes on all

said McRae lands, in that he went to the·tax collector's office and declared his purpose to pay and offered to pay all taxes on all the McRae lands for both of said years. It is not shown that the agent furnished the tax collector with an accurate or even an approximately accurate list of said lands, or that he in any manner pointed out the lands to the tax collector other than that he wished to pay on the "McRae residence and lands." In response, the tax collector produced the receipt reading according to the assessment first above quoted. Upon the production of this receipt the agent did not call attention to the fact that it did not contain all the lands, it now appearing that the agent did not in fact know the particular descriptions of the land, and supposed that the said receipt covered all of -them, although the same agent had been looking after the taxes for these owners for nearly twenty years. The insistence nevertheless is that the tax collector was a native of the county, that he was well acquainted with these lands, and either knew or should have known that the receipt as issued did not cover all of them, and that he should have produced and taken the taxes for all the assessments and receipts which covered any part of the lands claimed as a part of said "McRae residence and lands."

The point then gets down simply to this: May a taxpayer be held to have made a valid tender, against which no tax sale can afterwards be made, when without more he goes to the tax collector's office and offers to pay on "all my residence lands," or on "all the Smith residence lands," or on "all the McRae residence lands?" And we answer this question in the negative. It was said in Sims v. Warren, 68 Miss. 447. 10 So. 40, 41, that "there cannot be an assessment of lands, within the constitutional requirement, which rests only in the memory and purpose of the officer," and we add that there can be no tender to a tax collector which must depend upon the memory and purpose of that officer in respect to the particular property upon which it is proposed to pay. Any

rule that would require of a tax collector a more particular knowledge of the boundaries and descriptions of a taxpayer's property than the taxpayer himself has furnished would be without justice in principle and would be disastrous in its ultimate practical operation upon the public revenues. As said in Crawford v. McLaurin, supra: "The law requires of the taxpayer that he shall list his land for assessment correctly described and fairly valued. . . . Should the landowner fail to comply with the terms of the law, either by listing his lands under a description so vague, imperfect, or erroneous as not to identify them with some degree of certainty, or by failing to pay the tax imposed, then, the fault being his own, he must suffer the loss rendered possible by his own carelessness in the event the assessor, in the discharge of his duty, assesses, as required by law, the land under an accurate description to unknown owners, should the land afterward be sold to an individual or forfeited to the state for nonpayment of taxes."

Finally it is urged upon us that the record sufficiently shows that the tax collector in making the tax sales in question sold the land in disregard of the law (section 4328, Code 1906, section 8247, Hemingway's 1927 Code) which provides that the land must be offered in forty-acre parcels. The tax collector was introduced as a witness and as the only witness on this issue. He stated that he had no recollection of the particular sales in question but gives it as his opinion that he probably sold in solido. This question was settled in Mixon v. Clevenger, 74 Miss. at page 75, 20 So. 148, 150, where the court said: "The testimony . . . was wholly insufficient to overthrow the prima-facie case made by the deed. The officer does not state how he sold the land, or that it was sold in violation of law. He simply says that, in his opinion, he does not see how he could have sold the land in the smallest legal subdivision, unless he had had a map of it, and does not remember that he had a map."

The bill in this case by appellees was to confirm their title to all the McRae lands within the claims above described. The decree is correct and will be affirmed as to the lands embraced therein except those in the Anthony Campbell claim, section 1, township 8 S., range 7 W., as to which latter the decree is reversed and the cause remanded.

Affirmed in part, and in part reversed.